FREDERICK H. HUDSON *vs.* MINNEAPOLIS, LYNDALE & MINNETONKA RAILWAY COMPANY.

July 11, 1890.

**Trial—Instructions to Jury in Absence of Counsel.**—*Held* that, upon the facts in this case, the instruction given by the judge to the jury, in the absence of plaintiff and his counsel, was not a privy communication, but an instruction in open court, and in the regular form of judicial proceedings.

**Same—Duty of Counsel to Attend until Verdict is Rendered.** — The trial of a case is not concluded until a verdict has been rendered or the jury discharged. It is the duty of parties and counsel to remain in, or be represented at, the court during its sessions until the trial is ended; and it is no part of the duty of the court to send after parties or counsel who have absented themselves from the court-room before the trial of their cause is concluded.

**Same—Return of Jury for Further Instructions—Sending for Counsel.**—When a jury return into court for further instructions, it is customary to send for counsel, and to wait a reasonable time for their arrival, and it is desirable that this be done when practicable; but this is a matter of courtesy, and not of right.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

*Boardman & Boutelle,* for appellant.

*M. B. Koon,* for respondent.

MITCHELL, J. The ground upon which plaintiff moved for a new trial was an alleged irregularity in the proceedings of the court. The facts, as disclosed by the affidavits presented by the respective parties, and the statement of the judge who presided at the trial, were as follows: After the jury had been charged, they retired in the care of an officer to one of the jury-rooms to deliberate on their verdict. Later in the afternoon, the judge, having completed the other work of the day, but without adjourning court, retired to his chambers in the same building. Although court had not adjourned, yet, there being no one in the court-room where the trial had taken place, the officer in charge of the jury permitted them, in accord-

ance with a common practice, to come out of the jury-room into the court-room, the latter being more commodious. After they had deliberated there some time, they notified the officer that they desired further instructions from the judge. The officer communicated this request to the judge, and also notified the clerk of the court, and then made diligent search throughout and around the court-house for the counsel and parties connected with the case, but was unable to find any of them, as they had all left. Thereupon the judge, accompanied by the clerk and the sheriff, entered the court-room; the jury in the mean time having taken their seats together in the jury-box as at the trial. The judge then resumed his seat upon the bench. The officer, in answer to the inquiry of the judge, stated to him that he had searched for the parties and their counsel, and could find none of them about the court-house; that none of them were in or about it. The clerk then called the list of the jurors, who responded to their names as called. The judge then asked them if they had agreed upon a verdict, to which they responded that they had not. The foreman, seconded by another juror, then asked the court a question respecting a matter of law relating to the case. The judge answered the question propounded, and then, together with all others except the jury, retired from the court-room. All this was done publicly, in the presence of the court officers, with the doors of the court-room open, in the day-time, in open session, and before any adjournment of the court for the day. It is also worthy of note, as indicating how little real merit there was in the plaintiff's motion for a new trial, that he does not claim that the instruction given was erroneous, nor does he anywhere state what it was, or excuse himself for not doing so by alleging that he does not know. We fail to see anything irregular, or even lacking in courtesy, in the conduct of the court.

Counsel for plaintiff attempt, rather disingenuously as we think, to use the fact that the jury had been let out into the court-room so as to convey the impression that the judge entered the jury-room alone, and there held private communication with them respecting the cause. But the fact that the jury had been deliberating in the court-room for a time, during the absence of others, is wholly immaterial. Under the facts stated, the instruction given by the judge to the jury

was not a privy communication, but a communication in open court, and in the regular form of judicial proceedings. Most of the cases cited by counsel refer to communications of the first kind, and hence are not in point. Even in the case of *Sargent* v. *Roberts,* 1 Pick. 337, which is a case of that kind, and lays down a very strict rule, it is added: "No communication whatever ought to take place between the judge and the jury after the cause has been committed to them by the charge of the judge, unless *in open court,* and, *where practicable,* in presence of the counsel in the cause." The cases from Ohio involving communications in open court were mainly controlled by a statute of that state, which required that all instructions should be given and the verdict received "in the presence of, or after notice to, the parties or their counsel." But even there it was held no error to receive a verdict or to give instructions in the absence of the parties or their counsel, after they had been loudly called at the court-house door, or, pursuant to a previous understanding, had been notified by ringing the court-house bell. *Crusen* v. *State,* 10 Ohio St. 258; *Preston* v. *Bowers,* 13 Ohio St. 1. *Davis* v. *Fish,* 1 G. Greene, (Iowa,) 406, was evidently decided mainly upon the ground that the session of the court was held on Sunday, and without any notice to the parties; the court clearly intimating, however, that if the session had been on a business day, and within reasonable hours, some reasonable effort to secure the presence of the absent counsel or party, such as calling them at the door, would be sufficient.

The trial of a case is not concluded until a verdict has been rendered, or the jury has been discharged from the further consideration of the cause, and it is the duty of the counsel to remain in or be represented at the court during its sessions until the trial is ended. The power of the court to recall a jury and give them additional instructions has never been questioned, and counsel and parties cannot, by absenting themselves from the court-room before the trial is ended, take away this power, or suspend the right to exercise it until they can be found and brought in. It is no part of the duty of the court to dispatch messengers to hunt up absent parties or counsel, and to suspend business until they return. A proper regard for the dispatch of public business in our courts forbids any such thing. It

is customary to send for counsel when the jury come into court for further instructions, and to wait a reasonable time for them to return. It is eminently proper and very desirable that this should be done whenever it conveniently can be, for a court is, and always ought to be, unwilling to give any instructions, if it can be avoided, without affording counsel a full opportunity to suggest corrections or additions; and we have no desire to do anything that would in any way tend to a disregard of those usages and customary forms designed to insure a fair and impartial trial of causes in courts of justice. But the practice of sending for parties or counsel who have absented themselves before the end of the trial is a matter of courtesy, and not of right. *Wiggins* v. *Downer,* 67 How. Pr. 65; *Cornish* v. *Graff,* 36 Hun, 160; *Cooper* v. *Morris,* 48 N. J. Law, 607, (7 Atl. Rep. 427;) *Alexander* v. *Gardiner,* 14 R. I. 15; *Chapman* v. *Chicago & N. W. Ry. Co.,* 26 Wis. 295; *Dauntley* v. *Hyde,* 6 Jur. 133. *Hoberg* v. *State,* 3 Minn. 181, (262,) involved a case of a private communication by the judge to the jury after they had retired to deliberate on their verdict. Moreover that was a prosecution for a felony, where a more strict rule is usually applied than in civil actions, or even prosecutions for misdemeanors, especially with reference to the personal presence of the accused during all the proceedings had at the trial.

In view of the result reached on the merits, we have not found it necessary to consider the question of practice as to whether proof of an irregularity of this kind can be made by affidavit, or whether the facts must be incorporated into a case or bill of exceptions. See, however, *People* v. *Kelly,* 94 N. Y. 526.

Order affirmed.