NICHOLAS J. REILLY *vs.* ROBERT E. BADER, Defendant, and AMOS C. SARDESON, Intervenor.

May 25, 1891.

**Insolvency — Setting Aside Preference—Insufficient Complaint.**—In an action to recover upon promissory notes made by the defendant and payable to the plaintiff, a third party, who was admitted as an intervenor in the action, by the allegations in his complaint placed his right to recover on the same notes upon the ground that the notes had always been owned by one O'Brien, (until he made an assignment to the intervenor,) but that they had been in form made payable to the plaintiff, but never delivered to him, for the purpose of defrauding the creditors of O'Brien. *Held,* that under such a pleading the intervenor was not justified in seeking to have the plaintiff's title to the notes avoided, on the ground that they had been transferred to the plaintiff to effect a preference (voidable under the insolvent law) of the plaintiff as a creditor of O'Brien.

**Requested Instruction not Applicable to Case.**—The refusal of a court to give a requested instruction to the jury is not to be declared erroneous, when it does not appear that such an instruction would have been applicable to the case, or that the refusal may have been prejudicial.

**Practice—Trial—Duty of Counsel after Submission and before Verdict.**—After a cause has been submitted to a jury, and until they shall have rendered a verdict or been discharged, the court is to be deemed to be open for every purpose connected with such cause, even though, in the mean time, there should be a temporary adjournment, as for the night. Counsel in such a cause, who leave the place where the court is held without notifying the court where they may be conveniently found, and without making any arrangement for their being called when the jury shall return their verdict, or if they shall come before the court and request further instructions, are to be deemed to have waived their right to be present.

**Same—Instruction in Absence of Counsel.**—The court having instructed a jury in the absence of counsel, under the circumstances above indicated, an exception taken afterwards is unavailing.

Appeal by the intervenor from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial after verdict of $725.08 for plaintiff.

*R. A. Daly*, for appellant.

*James W. Lawrence*, for respondent.

DICKINSON, J. This action was commenced against the defendant, Bader, to recover on several promissory notes executed by the latter, July 11, 1889, and payable to the plaintiff. The making of the notes was admitted by the defendant, and it was also admitted that the consideration for the notes was the sale of certain personal property by one O'Brien to the defendant. The defendant does not deny his liability on the notes, but puts in issue the plaintiff's right to recover, showing that Sardeson, who was admitted as an intervening party in the action, as the assignee of O'Brien, also asserted a claim to recover on the same notes; and so the real issues arose between the plaintiff and the intervenor, Sardeson. The verdict was for the plaintiff, and the intervenor appealed from an order refusing a new trial.

In the pleadings between the intervenor and the plaintiff the intervenor denied that the plaintiff ever owned the notes. He alleged that the maker delivered them to O'Brien, upon the sale of personal property by the latter to the maker, O'Brien procuring the plaintiff to indorse them, but always retaining them himself until July 17, 1889, when he assigned them, with all his property, to the intervenor, for the benefit of his creditors; he being then, as well as when the notes were executed, insolvent. It was alleged that the notes were procured to be made in form payable to the plaintiff, and by him indorsed, for the use and benefit of O'Brien, pursuant to a conspiracy between them, and with the intent thus to defraud the creditors of O'Brien, the real owner. The plaintiff alleged, in answer to the intervenor's complaint, that the property for which the notes were given had been, more than a year prior to its sale, delivered to him as security for an indebtedness of O'Brien to him; that at the time of the sale the indebtedness amounted to more than the amount of these notes; and that the notes were executed and delivered to him in payment of the indebtedness, he surrendering his claim on the property only on condition that the notes be so executed and delivered. All this was denied by the reply of the intervenor.

The assignments of error as to the reception and rejection of evidence do not deserve serious consideration. Even if the question addressed to the witness O'Brien, as to whether he was *indebted* to the plaintiff, were objectionable, the objection was obviated by the answer, stating the nature of the indebtedness. The evidence excluded on cross-examination was immaterial.

The assignments of error, relating to the refusal of the court to instruct the jury in accordance with the first, ninth, and tenth requests of the intervenor, rest upon the theory that the intervenor might by this action avoid the plaintiff's title to the notes, on the ground that the transaction constituted an unlawful preference of the plaintiff as a creditor of the insolvent. But the complaint of the intervenor does not allege a preference of the plaintiff as a creditor, nor does it state facts which would constitute such a case. The facts stated in the complaint, and the ground upon which he sought to recover, were entirely different from that.

Concerning the refusal to give the eleventh request, it need only be said that it does not appear from the bill of exceptions that the evidence was such that this requested instruction would have been applicable, or that its refusal may have been prejudicial.

After the case had been submitted to the jury and they had retired, it then being the usual time for adjournment of the court for the day, the judge announced that no more cases would be taken up until morning. The judge retired from the court-room to his chambers adjoining, and the parties and their counsel in the action left the court-house. Within an hour thereafter the jury sent to the judge, informing him that they desired further instruction. The judge returned to the court-room, the jury were brought in, and, after a vain search through the building by the officers to find the parties and counsel, the court, in response to a request by the jury for instruction upon a specified point, further instructed the jury thereon. It is urged that the court erred in giving such further instruction, under the circumstances stated.

Our decision in *Hudson* v. *Minneapolis, etc., Ry. Co.,* 44 Minn. 52, (46 N. W. Rep. 314,) is decisive against the appellant upon this point, and we have but little to add to what is there said. It is

immaterial whether or not it be considered that the court had adjourned until the following day. Such an adjournment, although formally announced, would be subject to the right and duty of the court, in its discretion, to receive a verdict in the mean time from the jury then deliberating upon this case, or to give further instruction, under proper circumstances. The statute provides that "while the jury are absent the court may adjourn from time to time, in respect to other business; but it is, nevertheless, to be deemed open for every purpose connected with the cause submitted to the jury, until a verdict is rendered or the jury discharged." Gen. St. 1878, *c.* 66, § 232. The convenience of the court and jury cannot be subjected to the will of counsel or parties in a cause. It is the duty of the court, regulated by its discretion, to attend at any proper time to receive the verdict of the jury, or to give such direction as may appear to be necessary; and it would be unreasonable to say that counsel in the cause may, at their own will, by absenting themselves, prevent the court from thus discharging its duty, until it shall have first sent notice to all places where they might be expected to be found, to their offices, their homes, the hotels, or elsewhere. If they would avail themselves of their right to be present, they should at least notify the court where they may be conveniently found without undue delay. By going away from the court-house without doing so, and without making any arrangements for their being called, they must be deemed to have waived their right to be present. It follows that the exception subsequently taken to the instruction given to the jury was unavailing, and we do not consider whether the instruction was objectionable or not. Since, by his own choice or fault, as must be supposed, the appellant was not present to call attention to whatever in the instruction of the court may have been erroneous, either from inadvertence, mistake, or otherwise, he should not be allowed the benefit of an exception taken afterwards, when it was too late to correct the error, and therefore when the exception could be of no practical use.

Order affirmed.