SMITH v. PAUL.

(Filed September 22, 1903.)

VERDICT—*Jury—Polling of Jury—Constitution, Art. I, secs. 13, 19.*

Either party to a civil action is entitled to have the jury polled.

ACTION by Lola I. Smith against J. A. Paul, heard by Judge *Frederick Moore* and a jury, at December Term, 1901, of the Superior Court of BEAUFORT County. From a judgment for the defendants the plaintiffs appealed.

*E. S. Simmons,* for the plaintiffs.
*Small & McLean* and *Charles F. Warren,* for the defendants.

WALKER, J. This is an action for the recovery of real property. In order to determine the conflicting claims of the

parties, the Court prepared and submitted the issues set forth in the record. It is unnecessary that we should examine and pass upon the numerous exceptions of the plaintiffs, as we think that one of their exceptions was well taken, and the ruling of the Court to which this exception was taken entitles them to a new trial. The other questions may not again be presented for decision.

The jury returned a verdict upon the issues which the plaintiffs contended was complete and sufficient to warrant a judgment in their favor, but the Court thought otherwise, and, having held that the judgment was contradictory and insensible, directed the jury to retire and reconsider their verdict, instructing them at the same time how, if they believed the evidence, they should answer the several issues. The jury afterwards returned a verdict in favor of the defendants. The plaintiffs objected to the Court receiving this verdict, the objection was overruled and the plaintiffs then requested that the jury be polled. The Court refused to have the jury polled, and the plaintiffs excepted. This presents a new question for our decision.

In *State v. Young,* 77 N. C., 498, it was held that in a criminal case the defendant, "and of course the solicitor," has a right to have the jury polled, whether an oral or a sealed verdict is rendered. *State v. Toole,* 106 N. C., 736; *State v. Best,* 111 N. C., 638. In some of the States the Courts have said that in civil cases neither party is entitled to poll the jury as a matter of right, but the Court may, in the exercise of its discretion, permit either party to do so. We believe, though, that the weight of authority is the other way and the right to poll the jury is the same in civil as in criminal cases. The reason for permitting the Solicitor or the defendant to exercise this right in a criminal case must certainly apply with equal force to a civil action. In *State v. Young, supra,* the Court say: "At this time (when the verdict is received) any

juror can retract on the ground of conscientious scruples, mistake, fraud or otherwise, and his dissent would then be effectual. This right is surely one of the best safeguards for the protection of the accused, and, as an incident to jury trials, would seem to be a constitutional right, and its exercise is only a mode, more satisfactory to the prisoner, of ascertaining the *fact* that it is the verdict of the whole jury." If the right to a unanimous verdict is the reason, or one of the reasons, for allowing the party to poll the jury in order to ascertain that such a verdict has been rendered, the same reason can be urged with as much force in a civil as in a criminal case in support of the right, for, while the right to a unanimous verdict is expressly guaranteed by the Constitution in criminal cases (Article I, sec. 13), it is by the clearest implication also guaranteed in all controversies respecting property, and, indeed, the "ancient mode of trial by jury" has, by the Constitution (Article I, sec. 19), been preserved to the citizen at least in all courts of superior jurisdiction, without regard to the nature of the controversy, whether civil or criminal, and by that ancient mode a unanimous verdict was required, and accordingly it has been held that in all civil suits the verdict must be unanimous. *Owens v. Railroad,* 123 N. C., 183; *Lowe v. Dorsett,* 125 N. C., 301. There is no good reason, therefore, why the same right to poll the jury in order to ascertain whether all of the jurors have agreed to a verdict should not be accorded in civil cases in the same manner and to the same extent as in criminal prosecutions, and we think that it will be found, upon examination of the decided cases, that in most of the States either party may claim as a right to have the jury polled, and that a denial of this right is an error in the proceedings, provided the party asserting the right has not lost it by his own laches or has not in some way waived it. It has been so held in the following cases: *Fox v. Smith,* 3 Cowen, (N. Y.), 23; *Rigg v. Cooke,* 4 Gilman (Ill.), 336; *Bishop v.*

*Mugler,* 33 Kan., 145; *Jackson v. Hawks,* 2 Wend. (N. Y.), 619; *Maduska v. Thomas,* 6 Kan., 153. In *James v. State,* 55 Miss., 57, the Court says: "A verdict is the unanimous decision made by a jury and reported to the Court. Examining the jury by the poll is the only recognized means of ascertaining whether they were unanimous in their decision, and the right to do this must exist. It is affirmed in criminal cases, and is equally applicable in civil cases. In no other way can the right of the parties to the concurrence of the twelve jurors be so effectually secured as by entitling them to have each juror to answer the question, 'is this your verdict?' in the presence of the Court and parties and counsel. By this means any juror who had been induced in the jury room to yield assent to a verdict against his conscientious convictions may have opportunity to declare his dissent from the verdict as announced. Parties should have the means to protect themselves against the consequences of undue influence of any sort, which, employed in the privacy of the jury room, may extort unwilling assent to a given result by some of the jury. Less evil is likely to result from upholding the right to have the jury examined by the poll than from denying it." In *Warner v. Railroad,* 52 N. Y., 437, it is said by the Court: "Nor is there any doubt of the right of either party to poll the jury, on the rendition of a verdict by the foreman, at any time before it is recorded; and this although the verdict has been a sealed one and the jury have separated before bringing it in, unless the right to poll has been expressly waived." In *Norvell v. Deval,* 50 Mo., 272, the Court says: "They (the jurors) must all be present in court when the verdict is rendered. This has always been the universal practice, and it would be dangerous to the rights of litigants to adopt any other rule. Either party has the right to poll the jury. It makes no difference whether the verdict is signed by all the jurors or only by the foreman. The par-

ties have the right to know of each juror whether the verdict rendered is his, and this can only be done by polling the jury before they are discharged. The verdict is not perfect till it is delivered to the Court by the jury in the presence of all of them." In the case of *Koon v. Insurance Co.,* 104 U. S., 106, the right to poll the jury in a civil case is fully recognized.

It would appear, therefore, that when unanimity is required, any party to be affected by the verdict can demand, as a matter of right, to have the jury polled, and it is not to be regarded merely as a privilege which may be granted or withheld at the discretion of the trial court. As it is necessary that the jurors should all concur in the verdict, both in civil and criminal cases, it follows as a matter of course that the right to poll the jury is common to both of them.

In *State v. Young, supra,* this Court cites with approval the case of *Jackson v. Dale* (it should be *Fox v. Smith*), 3 Cowen (N. Y.), 23, in which it is held that the right to poll the jury extends to civil cases. The requirement that the verdict of the jury must be unanimous would be of little avail to a party if he has no means of ascertaining whether this unanimity exists, independent of the will or discretion of the Court. If it is his right to have a unanimous verdict, it must be his right in some way to establish the fact that it is not unanimous.

The jury, it seems, in this case completely reversed their verdict, and it may be that the plaintiffs, if they had been allowed to avail themselves of the right to poll the jury, could have disclosed the fact that the jurors had not all agreed to the verdict. If so, they have lost an important advantage in the litigation, to which they were clearly entitled. They had not waived their right to poll the jury, but, on the contrary, strenuously insisted upon it.

The Court committed an error in refusing to permit the jury to be polled, and for this error there must be a new trial.
New trial.