# STRITE GOVERNOR PULLEY COMPANY v. PATRICK J. LYONS.[1]

May 21, 1915.

Nos. 19,119—(65).

**Charge to jury — forms of verdict.**

1. The error of the court, if any was committed, in making confusing statements in his charge to the jury as to the forms of verdict to be used in certain cases, is without prejudice if, subsequently and before finishing his charge, the court clearly instructs the jury how it should proceed and under what circumstances each form of verdict should be used.

**Refusal of court to accept verdict.**

2. Craven v. Skobba, 108 Minn. 165, 121 N. W. 625, followed to the effect that, "when the jury returns a verdict which is not justified in any view of the evidence and law of the case as embodied in its instructions, the court may refuse to accept it and require the jury to return and report a proper verdict."

**Return of verdict — failure to summon counsel.**

3. It is not reversible error if the court in a civil action fails to notify absent counsel when the jury returns into the court room, either for additional instructions or to return the verdict.

**Verdict sustained by evidence.**

4. Record examined and the evidence *held* sufficient to sustain the verdict.

**Verdict not influenced by passion or prejudice.**

5. There is nothing presented by the record from which it can be inferred that the verdict was given under the influence of passion or prejudice.

[1] Reported in 152 N. W. 765.

Action in the district court for Hennepin county to recover $972.50 for services and material. The case was tried before Waite, J., who denied the motion of defendant Strite to dismiss the action as to him, and a jury which returned a verdict for $1,064.28. From an order denying his motion for a new trial, defendant Lyons appealed. Affirmed.

*Booth & McDonald,* for appellant.

*Benton & Morley* and *Paul J. Thompson,* for respondent.

SCHALLER, J.

In February, 1911, George T. Strite and appellant Lyons signed an agreement, wherein appellant agreed to furnish the capital to procure patents for a device denominated a "plow lift," to build not to exceed 12 machines, to pay for the making of patterns and after demonstration of the device in actual field operation to furnish $15,000 to build a factory, if deemed advisable by himself and Strite. Lyons was to have full charge of the marketing and distribution of the product. The defendant Strite agreed to complete the drawings for the device, to apply for a patent at Washington and to supervise the construction and demonstration of the device and to convey to appellant one-half interest in the patents when procured.

About the middle of the following August, the defendant Lyons, Strite being present, gave an order to the plaintiff for the manufacture of one of these "plow lifts."

The plaintiff built the machine, which was duly delivered and placed on exhibition at the Minnesota State Fair of that year.

Subsequently and about the eighth of September, plaintiff received an order for the manufacture of six additional plow lifts, which plaintiff proceeded to construct and had ready for assembling and delivery between that time and the spring of 1912.

The account for the first machine was kept by the plaintiff in the name of "Lyons and Strite." Another account was opened in the name of the Strite Manufacturing Co., the first entry on which appears to have been made November 25, 1911.

Defendant Lyons concedes liability to the plaintiff for the amount shown by the account of "Lyons and Strite," about $130. He denies

liability for the six additional machines, claiming that the same is the debt of the Strite Manufacturing Company.

The evidence on the part of the plaintiff tended to show the making of the contract of February, 1911, and that the order given in August was given by the defendant Lyons. That the order for the six additional plow lifts was also given by the defendant Lyons, and that he agreed to pay for the same. Plaintiff's evidence further tended to show that the items under the heading, "Strite Manufacturing Co.," were charged in that way so as to keep an accurate account of the expenses of manufacturing these six additional plow lifts.

Defendant's evidence tended to show that a corporation was organized for the purpose of manufacturing the Strite "plow lifts" and other machinery, tools and implements, the name of such corporation being the "Strite Manufacturing Co.," the time of its commencement, as provided by its articles, the second of October, 1911. The articles were executed and acknowledged on the thirteenth day of September, 1911, and filed in the office of the secretary of state on the same day.

Defendant's evidence further tended to show that appellant did not agree to pay for the six additional plow lifts; that some conversation was had between the president of the plaintiff corporation and Lyons and Strite, relative to the forming of the Strite Manufacturing Co., shortly before the execution of the articles of incorporation, and that the cost of manufacturing the six additional lifts was to be a charge against that corporation.

The case was submitted to a jury, which rendered a verdict for the plaintiff and against both defendants for the total amount of both accounts. Appellant Lyons moved for a new trial and appeals from the order denying his motion.

The assignments of error challenge the sufficiency of the evidence to justify the verdict, charge that it was given under the influence of passion and prejudice, that the court erred in certain parts of the charge delivered to the jury, and in giving additional instructions or explanations to the jury in the absence of counsel.

1. Assuming the truth of testimony and proofs on behalf of the plaintiff (and that was a question for the jury), we cannot say that

the verdict was not supported by the evidence. Nor is there anything in the record from which we could infer that the verdict was given under the influence of passion and prejudice. Neither can we say that prejudicial error was committed in the rulings made by the trial court on the admission or rejection of evidence.

The other errors complained of pertain to the charge of the court, and to certain instructions to the jury in answer to questions propounded to the court by members thereof.

The court charged the jury in reference to the contract (Exhibit 1), which is the written contract entered into between the two defendants. We have examined the charge and cannot say that any error was committed by the court in construing that contract.

2. Toward the end of his charge and while the court was instructing the jury relative to the forms of verdict which he had prepared, the defendant made an admission conceding liability for the first plow lift. The court thereupon made several confusing statements to the jury as to the form of verdict which they might use in a certain case. There is no doubt that some uncertainty was produced by this action, but no exception was taken, and, before finishing the charge, the court clearly instructed the jury how they should proceed and under what conditions each form of verdict was to be used. This cured the error, if any was committed. Dunnell, Minn. Pr. § 1117.

3. After the jury had been considering the case for some time, they returned into the court room with a proposed verdict for $800 with interest from May 22, 1912. The court inquired of the jury whether the verdict was arrived at in one of two ways; either by the omission of items shown by the books, or by a compromise of any kind, stating that he did not wish them to answer which way. He was informed by the jury that it was arrived at in one of the ways indicated. Thereupon the court declined to receive the verdict. He told them that he would prepare another form of verdict along the lines of the one rejected. Questions were asked of the court by certain of the jurors, which the court answered and thereupon the jury again retired and subsequently returned with a verdict for the full amount claimed, with interest.

An examination of these proceedings satisfies us that the action

of the trial court in this last respect was in no way injurious to the rights of the appellant. The court was justified in declining to accept a verdict which it was apparent could not be sustained because not based upon the evidence introduced on the trial. "A court has the undoubted right to refuse to accept a verdict which is not in accord with the law and evidence by which the rights of the parties are to be determined." Craven v. Skobba, 108 Minn. 165, 121 N. W. 625.

Nor can we say that it was error for the court to re-state in some respects the issues between the parties, either in answer to questions by jurors, or of his own motion. Under the evidence, the verdict had to be for the plaintiff, either for the cost of the first plow lift or for the cost of the seven. None of the items of cost was disputed, and the jury would have no right to include certain of the undisputed items and reject the others.

4. Complaint is made that the proceedings subsequent to the first retirement of the jury were had in the absence of counsel. The court is not obliged to notify counsel when the jury returns into court, either for additional instructions, or when they return their verdict. "The trial of a case is not concluded until a verdict has been rendered or the jury discharged. It is the duty of parties and counsel to remain in, or be represented at, the court during its sessions until the trial is ended; and it is no part of the duty of the court to send after parties or counsel who have absented themselves from the court room before the trial of their cause is concluded." Hudson v. Minneapolis, L. & M. Ry. Co. 44 Minn. 52, 46 N. W. 314; Reilly v. Bader, 46 Minn. 212, 48 N. W. 909.

Order affirmed.