### DEFIBAUGH v ULMER

Ohio Appeals, 6th Dist, Lucas Co

Decided Jan 25, 1937

Flory & Taylor, Toledo, for appellant.
Ritter & Daugherty, Toledo, for appellee.

### OPINION

By TAYLOR, J.

This cause comes into this court on appeal on questions of law from the judgment in the Court of Common Pleas based on a unanimous verdict of the jury in favor of appellee, Theodore O. Ulmer, who was defendant in that court.

The essential facts of the case may be summarized as follows:

On September 22, 1934, appellant, Delta Defibaugh, then only four years old, was being carried by a seven-year old sister across Adams Street in the city of Toledo at the intersection of Superior Street, from the northeast to the southeast corner of such intersection. They had passed the center of Adams Street when an automobile driven by appellee approached from their right, going in an easterly direction, and the two children either struck or were struck by the left rear portion of the car, resulting in the claimed injury of appellant. All this occurred about four o'clock in the afternoon of that day.

Taking up first the assignment of error that the verdict in favor of appellee, of no cause of action, is contrary to the manifest weight of the evidence, there was a conflict in the testimony as to how the occurrence actually came about. The witnesses for appellant, including the sister who was taking her across the street, said that the traffic signal at that intersection gave them the right of way, and that appellee's car was moving against the signal. The police officer in charge of that semaphore at the time testified that he had changed the signal to the "go" sign for traffic east and west on Adams Street and that appellee was going with this signal and not against it; and that the children were crossing the street against the permitted lane of traffic. This was confirmed not only by appellee's own evidence, but by that of at least one independent citizen. Hence we are unable to find that the verdict and judgment in the Court of Common Pleas were against the weight of the evidence, and overrule that particular assignment of error.

The first assignment of error has been more difficult of solution. It charges "irregularity of the court in failing to further instruct the jury pursuant to its request."

The facts concerning this, as shown by the record, were these:

"That during the deliberations of the jury, at about 11:30 A. M., the jury rapped on the door of the jury room and thereupon the bailiff went to the door and was informed by the foreman of the jury that they wanted more instructions on the charge, whereupon the bailiff told him that he would have to wait until he, the bailiff, notified the court; that the bailiff then closed the door of the jury room and reported the matter to the court, who was then engaged in the trial of another case; that the court thereupon instructed the bailiff to let the jury wait, it being close to the noon hour; that the bailiff was not instructed to and did not go back to the jury room until after the jury had arrived at a verdict as hereinafter stated, but awaited the further instruction of the court; that a short time after the alarm given by the jury at 11:30 A. M., Mr. Kalb, of counsel for the plaintiff, came to the court and inquired what was the cause of the alarm at the door of the jury room, and was informed by the court that the jury desired further instruction but that the court had instructed the bailiff to let the jury wait until the noon hour; that at 11:50 A. M. the jury again rapped at the door, the court instructing the bailiff to answer the rap; that the bailiff reported to the court that the jury had arrived at a verdict, thereupon the jury returned to the court room and returned a verdict in favor of the defendant and against the plaintiff; and that no further instructions were given to the jury in answer to their request for further instructions made at 11:30 A. M."

Sec 11420-6, GC, makes it mandatory upon the trial court to give such instructions to the jury as that body may request after

they have retired to consider their verdict, and a refusal of the court to ▮▮▮▮▮▮ ▮ give such further instructions, or even a failure on the part of the court to do so under such circumstances as to indicate either a deliberate intent to avoid or a careless disregard of such duty, would constitute reversible error.

We have concluded that nothing of the sort happened here. The record, above quoted, discloses that the foreman of the jury, who made the request for further instructions to the bailiff of the court, was told by the bailiff that he (the foreman) would have to wait until the bailiff notified the court. The door of the jury room was then closed so that the jurors had no apparent means of learning whether the court was or could be immediately notified of their request. Evidently the jury decided to forego any further instructions because just twenty minutes later they again rapped on the door of their room and informed the bailiff that they had arrived at a verdict. In the interim they had not only reached a decision, but had put that decision in the form of a verdict which all twelve of them had signed.

We are of the opinion, therefore, that upon the facts in this particular case the jury waived their desire for further instructions. The trial court neither refused nor attempted to evade his duty to give such further instructions. He merely postponed that duty until the noon recess, which would have occurred thirty minutes later. True, that court might have called the jury in at once or might have instructed the bailiff to advise the jury that they must wait for thirty minutes. It will be conceded that either would have been the advisable course. But while he did neither, nevertheless the jury had been told that they must wait until the court was notified, which conceivably might have been a matter of twenty minutes or longer, had the court not been in the court room or in chambers at the time. Clearly, the jury did not see fit to wait for even a few minutes, and, as we have said, ▮▮▮▮▮▮ ▮ this was, in effect, a withdrawal of their request. Therefore, we do not find that this occurrence constituted error prejudicial to appellant.

We have likewise considered each and all of the remaining assignments of error, but do not find any of them to be of sufficient substance to warrant a reversal of this case.

It follows that the judgment of the Court of Common Pleas should be, and is hereby, affirmed.

Judgment affirmed.

CARPENTER, J, concurs.

LLOYD, J., I concur in the judgment because from an examination of the record it clearly appears that substantial justice has been done by the verdict of the jury and that, therefore, none of the alleged errors are prejudicial to appellant.