## STELLA J. GROVE v. AXEL LYON.[1]

October 3, 1941.

No. 32,936.

*Leo J. Seifert* and *Sexton, Mordaunt, Kennedy & Carroll,* for appellant.

*Frank E. Dougherty* and *John W. Flynn,* for respondent.

STONE, JUSTICE.

Two actions, tried together, one for wrongful death and the other for personal injuries, resulted in verdicts against defendant. He appeals from the orders denying his motions for a new trial.

[1] Reported in 300 N. W. 373.

In the nighttime defendant was driving his truck on a trunk highway. It came into almost simultaneous collisions with two passenger cars, one driven by a Mr. Magnell and the other by Harold A. Grove, who did not survive. The Grove car was following so closely behind the Magnell car, both of them traveling in a direction opposite that of defendant, that there was a barely perceptible interval between the collisions of the two of them with defendant's truck.

On the facts, the claim of both Magnell (who was a witness) and plaintiff was that defendant was negligently well across to his left of the center line, thereby causing the accident. Defendant's one claim, made both by answer and evidence, is that the Magnell and Grove cars approached him abreast of each other, that one or both of them was negligently on his side of the road, and that in an effort to avoid a collision he drove so far to the right as to get his right front wheel onto the shoulder. On that theory, the whole case, including defendant's counterclaim, was tried.

At no time, by pleading or evidence, was there suggestion that defendant's truck, after being first disabled by collision with one of the other cars, was then by reason of such disability on the wrong side of the center line. The jury was instructed concerning all traffic rules that counsel wanted submitted. At the trial there was no exception to the charge, and there is none now except for one thing.

The jury had been deliberating some time when they returned to the courtroom and submitted to the trial judge this question: "What would be the law, if the truck was disabled, in the lane of the oncoming car, due to a former accident?" The court replied as follows: "I could not answer that directly. I can only answer it by again reading to you the provisions of the highway traffic regulation act * * * and then you will have to make the application for yourselves."

That answer was not error. It is decisive that the question of the jury raised an issue wholly beyond pleadings, evidence, and

70

theory of trial. In consequence, it would have been error to instruct concerning it. It was not in the case for consideration by either judge or jury.

Orders affirmed.