In the Matter of the Probate of the Will of Clarence A. Barnes, Deceased. Alice Keisinger et al., Appellants; Joseph De Santo et al., as Executors of Clarence A. Barnes, Deceased, Respondents.

Fourth Department, October 27, 1954.

*Philip L. Zenner* for appellants.

*John W. Miles* and *John C. Carmer, Jr.,* for respondents.

McCURN, P. J.  Objections were filed to the probate of the will of the testator and thereafter a jury trial was had before the Surrogate on framed questions as to testamentary capacity and undue influence.  The jury answered the questions in favor of the proponents and thereafter a decree admitting the will to probate was entered in the Surrogate's Court.  The order appealed from denies a motion in Surrogate's Court on behalf of the contestants to vacate the decree of probate, and to set aside the jury's verdict and grant a new trial.  No motion was made upon the Judge's minutes or upon a case to set aside the verdict of the jury.

The order now under review was based upon the petition of one of the contestants, two affidavits made by counsel for the contestants and a transcript of the court's recharge to the jury pursuant to the jury's request for further instructions on the question relating to undue influence.

Respondents noticed a motion returnable in this court on the day of the argument of the appeal to dismiss the appeal.  Dismissal was sought upon the ground that the appeal involves questions of fact requiring a review of the trial before the Surrogate; that the record of the trial was not a part of the motion papers before the Surrogate and is not contained in this record on appeal.  Counsel for appellants submitted in opposition to that motion his own affidavit sworn to the 28th day of September, 1954, in which he sets forth that appellants do not seek a reversal " on the contention that the verdict and the decree are against the weight of evidence " but that the purpose of the appeal is " to secure a new trial, based on the Court's instructions to the jury, after it had retired, in the absence of the contestant's attorney and the context of said charge."  Appellants' counsel further stipulated in open court that notwithstanding the contents of his brief, the appeal be considered solely upon the alleged erroneous proceedings of the trial court whereby in response to a request from the jury during its deliberations it further instructed the jury on the law pertaining to undue influence in the absence of counsel for the contestants.  The appeal as so limited involves questions of law which we think may be determined upon this record.  We therefore deny respondents' motion to dismiss the appeal.

It appears from the record that the case was submitted to the jury at about two-thirty in the afternoon of February 8, 1954; that during the afternoon the jury sent word to the court that it desired instructions and after being brought into the courtroom the following took place: " Q. Do we have to answer all questions? A. By the Court — yes. If there aren't any more questions, you may retire, again, to the Jury Room." It appears that sometime during the evening the jury sought further instructions and upon being brought into court asked the following question: " Q. Will the Court please recharge the Jury as to question 5 which reads, ' Was the execution of said paper caused or procured by the duress or influence of any person or persons? ' " The court thereupon reinstructed the jury on the law of duress and undue influence pertaining to the making of a will.

Counsel for the proponents of the will was present in the courtroom when such additional instructions were given to the jury, but counsel for the contestants was not present. The appellants now contend that the additional instructions so given were erroneous and prejudicial and in any event the mere fact that such instructions were given in the absence of counsel for the contestants constitutes reversible error requiring a new trial.

We have carefully examined the transcript of the instructions given in response to the jury's inquiry. The particular portion claimed by appellants to be erroneous and prejudicial reads as follows: " Now, let me caution you again, that the amount of participation in the making of the will which I have just described to you, in and of itself may not point to undue influence. You must still find that there was evidence of pressure and influence, in order to hold that the will is not that of the testator, Mr. Barnes. Now, there is nothing wrong in saying once or twice to a person how he should make a will. It may be your duty and favor to him, but if you keep going until the pressure gets so great that he would do anything to stop it; then you have such force as to a fraud and influence on him." We have not before us the main charge or the record of the trial but upon the record presented there is no showing of prejudice or error. (See *Smith* v. *Keller,* 205 N. Y. 39, 44.)

The remaining question is whether or not it was in any event error to so instruct the jury in the absence of counsel for the contestants. It appears from the affidavit of appellants' counsel " that after the case was submitted to the jury, your deponent informed the Court that he desired to reserve his rights pursuant to Sect. 549 of the Civil Practice Act in the event the

jury returned with its verdict while your deponent was away from the court room, and such reservation was placed upon the record with the consent of the Court.'' It further appears from the affidavit of appellants' counsel that he maintains a law office at Clyde, New York, a distance of about seven miles from the courthouse where the trial was held and although he was present in his law office he was not called on the telephone or otherwise notified of the jury's request for additional instructions. The affidavit does not state when counsel left the courtroom or that he advised the court or any of the court officers of his desire to be informed in the event the jury requested additional instructions, nor does the affidavit state that he advised the court or any of the court officers where he could be conveniently located in the event that such instructions were requested.

The request of the jury for instructions involved a material question of law relating to one of the essential issues which the jury was called upon to decide. The interests of justice required that the court should not leave the jury in doubt or uncertainty as to the rules of law pertaining to the important issue of duress and undue influence. It was not only within his power but a part of his duty to endeavor to so further instruct the jury in open court that they might have a full and complete understanding of the rules of law applicable to the issue which they were called upon to decide. The voluntary absence of appellants' counsel under the circumstances set forth in his affidavit could not take away or suspend the court's power or duty to comply with the jury's request for instructions. It is, of course, desirable where practical that counsel be notified of the return of the jury for reinstructions, but that is a matter of courtesy rather than of right.

'' The trial of a case is not concluded until the jury is discharged from its consideration. (Code Civ. Pro., § 992.) The power of the court to re-call and re-instruct the jury has never been judicially doubted in this State. Counsel by purposely or inadvertently withdrawing from the court cannot take away the power, or suspend the right to exercise it until they can be found and brought in, if willing to come. It is the duty of counsel engaged in the trial of a case to remain in or be represented at the court during its sessions until the jury having the case in charge is discharged. (*Dauntley* v. *Hyde,* 6 Jurist [Exch.], 133.) The failure of counsel to perform their duty does not deprive the court of its power to discharge its duty. The court is not required to send out its officers to invite

counsel to attend to their duties and hear additional instructions which the court proposes to give to the jury. Undoubtedly, in most cases, courts will endeavor, as a matter of courtesy, to secure the attendance of counsel before re-instructing a jury, but it is not error if it is not done." (*Cornish* v. *Graff*, 36 Hun 160, 162, 163; see, also, *Wiggins* v. *Downer*, 67 How. Prac. 65, affd. 34 Hun 625; *Kullberg* v. *O'Donnell*, 158 Mass. 405; *Hudson* v. *Minneapolis L. & M. Ry. Co.*, 44 Minn. 52, and *Reilly* v. *Bader*, 46 Minn. 212.)

The case of *Watertown Bank & Loan Co.* v. *Mix* (51 N. Y. 558) upon which the appellants rely is not an authority to the contrary. There, after the case had been submitted to the jury and while they were deliberating, they sent a note to the Judge who presided at the trial inquiring whether a witness had testified to a certain fact. The Judge handed the paper to the court reporter, who, after looking over his minutes, wrote upon it "No such question was asked". The Judge thereupon sent the paper back to the jury in the jury room. The decision in that case rested upon the principle that "there ought to be no communication between the judge and the jury, after they have gone from the bar to consider of their verdict, in relation to the oral evidence or his instructions to them, unless it take place openly in court or with the express assent of the parties." In that case and other like cases cited by appellants' counsel in the brief the communication between the judge and the jury was a private communication, not in open court, and not consented to by the attorneys. Numerous decisions of our courts hold that such a private communication presents error (see *Finn Hannevig & Co.* v. *Frankel*, 219 App. Div. 54, and cases cited therein). The essential distinction here is that the instructions given by the trial court in the present case were publicly given in open court and not in violation of the rule forbidding a private communication between the Judge and jury.

The order appealed from should be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order affirmed, without costs of this appeal to either party.
[See 285 App. Div. 865.]