DALE A. STAYBERG AND ANOTHER v.
DOROTHY M. HENDERSON AND ANOTHER.

151 N. W. (2d) 290.

May 26, 1967—No. 40,439.

*Flanagan & McGraw*, for appellants.

*Douglass, Bell & Donlin, James J. Galman,* and *James R. Bell,* for respondents.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying plaintiffs' motion for a new trial in an action for damages resulting from an automobile collision. The motion was based upon alleged prejudicial error which is claimed to have resulted from a breakdown in communication between the jury and the trial judge during the jury's deliberations.

It appears from the record that the jury returned verdicts in favor of defendants as to both plaintiffs. Plaintiffs' motion for a new trial was supported by an affidavit of a member of the jury to the effect that, shortly before 8 p. m. on the evening the verdicts were returned, he

advised the bailiff in charge of the jury that they required a clarification of the court's instructions. The affidavit went on to say: "That said bailiff advised it was not his business to contact the presiding Judge and that he could not do so and after that the jury returned a verdict in favor of the defendants." On the hearing on the motion for a new trial, plaintiffs called as a witness the bailiff who testified that he was requested by the jury to contact the judge and that "I tried to reach him by phone and couldn't get him." The record indicates that the verdict against plaintiff husband was agreed to at 7:10 p. m. but that the verdict against plaintiff wife was not agreed upon until 7:55 p. m. The record does not indicate the period of time that elapsed between the juror's communication with the bailiff and the time at which the verdict in the wife's case was agreed upon.

On this state of the record, the attorneys for plaintiffs asked the court to continue the hearing on the motion "to give us a chance to bring in additional competent evidence, which we here and now advise the Court that we have which will bear on the question as to whether or not the bailiff did in fact as he claimed, tell the juror that he would try to call the judge, and in fact attempt to call the judge, and then later tell the juror that he was unable to reach the judge. We have several people that we feel have evidence that will indicate that the juror was told immediately by the bailiff that it was not his business to call the judge and that he was unable to call the judge, and that that was done immediately upon the request of the juror for additional instructions from the Court, and therefore I formally request we have a continuance in order to get this information into the record." After some discussion between court and counsel, the court stated, "I think I have to determine your motions for [a] new trial on what is before me at this time and not as a result of subpoenaed witnesses, and examining and cross examining, and if you want to institute some other sort of proceeding that's up to you. I have never heard of even this much testimony in connection with a motion for a new trial."

It is agreed that the jury requested further instructions which they never received. It is also established that the bailiff acknowledges the request since he admits making a telephone call to the judge. While

there was no immediate response to the phone call, there is no reason to assume that the judge was not available to give further instructions or directions to the jury. The two versions with reference to the communications between the bailiff and the juror are in flat contradiction. If the bailiff's version is true, the jury's request that he contact the court was not denied. If his testimony is accepted, it may be assumed that the jury, rather than wait until the trial court was contacted, resolved the question without benefit of further instructions and proceeded to reach their verdict. Such action, we believe, would constitute a withdrawal of the request for further instructions. Defibaugh v. Ulmer, 56 Ohio App. 255, 10 N. E. (2d) 447. If, however, the version set forth in the juror's affidavit is true, a different result should follow since the bailiff's conduct would amount to a basic interference with the juridical function.

1. While the precise question presented has not been considered by this court, we have in numerous cases discussed the obligation of the court to direct and instruct the jury during their deliberations.[1] It is well established that the court may, at the request of the jury, give them further instructions after they have retired to deliberate, since the interests of justice require that the jury have a full understanding of the case and the rules of law applicable to the facts under deliberation. Shockman v. Union Transfer Co. 220 Minn. 334, 19 N. W. (2d) 812.

Minn. St. 546.16, so far as applicable, provides:

"While the jury are absent the court may adjourn from time to time, in respect to other business, but it shall be considered open, for all purposes connected with the cause submitted, until a verdict is rendered or the jury discharged."

It was said in Reilly v. Bader, 46 Minn. 212, 48 N. W. 909, that it is the duty of the trial court to give further instructions or such other directions as may be necessary to the jury during their deliberations.

---

[1] Reilly v. Bader, 46 Minn. 212, 48 N. W. 909; 19 Dunnell, Dig. (3 ed.) § 9790; Booth v. Spindler, 261 Minn. 79, 110 N. W. (2d) 889; Cronquist v. City of Minneapolis, 258 Minn. 30, 102 N. W. (2d) 512; Grove v. Lyon, 211 Minn. 68, 300 N. W. 373. See, also, 89 C. J. S., Trial, § 475b.

20

See, also, Cronquist v. City of Minneapolis, 258 Minn. 30, 102 N. W. (2d) 512.

In Kavanaugh v. Quigley, 63 N. J. Super. 153, 164 A. (2d) 179, the court considered prejudicial error which allegedly arose from the bailiff's conduct in interfering with the jury's communication with the judge during their deliberations. There, as here, no specific finding was made with reference to what actually happened, although the appellate court assumed that, in denying the motion for a new trial, the court accepted the bailiff's version. In discussing the relationship of the judge and jury throughout the trial and particularly during deliberations, the court said (63 N. J. Super. 161, 164 A. [2d] 183):

"* * * [I]t is a substantial part of the judicial duty to give all possible assistance to the jury in the aid of the full discharge of its sworn duty, and during the deliberation stage the rendering of such aid upon request and ultimately receiving the jury's verdict become the sole remaining duties of the judge."

The court concluded that the failure of the bailiff to inform the judge of a request for aid, which only the judge could give, "severed the life line of communication between the jury and the judge." In emphasizing that the conduct of the bailiff amounted to a wrongful interference with a basic procedural right, the court concluded:

"* * * As a result the jury was deprived of the help to which it was entitled and the judge was prevented from fulfilling his duty to respond to the jury in open court, consider the nature of its problem, and guide it accordingly. The imperative necessity of maintaining unfettered collaboration of the judge and jury, both acting within their respective spheres to the end that an informed verdict intelligently arrived at be returned, precludes our regarding the bailiff's omission to carry the jury's message to the judge as a nonprejudicial infraction of an administrative court procedure."

We agree with the New Jersey court. If, as asserted by plaintiffs, the bailiff acted as he did, such conduct cannot be condoned. If true, it not only reflects upon the dignity of the court but also removes the trial judge from control of the case.

On the basis of the record before us, we cannot say that a new trial is warranted. It does appear that there is sufficient basis to require that the trial court, in a fair exercise of his discretion, fully hear and consider whatever proper evidence plaintiffs may have to present bearing upon the merits of their motion. We noted in State v. Warren, 201 Minn. 369, 374, 276 N. W. 655, 658, that the granting of a new trial for misconduct of the jury or the bailiff rests almost entirely in the discretion of the trial court, especially when the motion is presented on conflicting evidence, and its action will not be reversed on appeal except for clear abuse of that discretion.[2] We there stated:

"* * * This is necessarily so, because, due to the opportunity the trial judge has of observing the jurors and court officers and also events occurring during the trial, he is in a far better position to determine the facts when misconduct on the part of those persons is claimed."

But this discretion should not be exercised until the movant has an opportunity to be fully heard.

■ On authority of Bauer v. Kummer, 244 Minn. 488, 490, 70 N. W. (2d) 273, 275, defendants assert that it is not proper to use affidavits from jurors in an attempt to impeach their verdict. It is generally agreed that juries are not competent, in support of a motion for a new trial, to show any matters which are inherent in the verdict and, accordingly, a juror may not describe his mental processes in connection with the verdict or disclose any other matter resting alone in his mind or conscience. There is, however, no definite and certain test for determining what matters inhere in a verdict, and there is wide divergence of views on the subject. 66 C. J. S., New Trial, § 169.

We are of the view, however, that the rule relating to inherency in the verdict cannot realistically apply to the alleged unlawful conduct of a bailiff who prevents the jury from contacting the court. Such alleged error is something apart from the deliberative processes of the jury and is not lost or concealed in the verdict so that it may not be raised on a motion supported by a juror's affidavit. Since the bailiff is the legal vehicle for communication between the jury and the judge, evi-

[2] 14 Dunnell, Dig. (3 ed.) § 7105.

dence with relation to the breakdown of that means of communication should not be considered as being locked up in the verdict so as to be beyond the reach of inquiry.

Accordingly, the case is remanded to the trial court for further proceedings on plaintiffs' motion for a new trial.