ANN MARIE von ENDE, A MINOR, BY CHARLES von ENDE, HER FATHER AND NATURAL GUARDIAN, AND ANOTHER v. DOMINIC P. MARXEN.

157 N. W. (2d) 525.

March 22, 1968—No. 40,791.

*William C. Hoffman,* for appellants.

*Rider, Bennett, Egan, Johnson & Arundel* and *David F. Fitzgerald,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Peterson, JJ.

MURPHY, JUSTICE.

This is an appeal from an order denying plaintiffs' motion to vacate a verdict and declare a mistrial, or set aside the verdict, or for a new trial. Plaintiffs, in an action for personal injuries, had a verdict which they contend was inadequate. The trial court accepted the verdict at the time the jury reported, and pursuant to Minn. St. 546.16,[1] the jury was polled. After the verdict was recorded, plaintiffs' counsel was notified by telephone by the clerk of court. Error is asserted on the basis that the trial court failed to summon the attorney for plaintiffs before receiving and recording the verdict.

From the record it appears that the action was started by Charles von Ende, individually, and in behalf of Ann Marie von Ende, a minor, against Dominic P. Marxen. The complaint alleged personal injuries sustained by the minor as a result of negligence on the part of defendant in the operation of a motor vehicle. The father, Charles von Ende, sought to recover derivative damages allegedly resulting from the injuries to his daughter.

After the charge to the jury was given the court asked counsel to stipulate to the following:

"1.    That after hours the Court may receive the verdict in the absence of the Clerk and the Court Reporter.

"2.    That counsel waive the polling of the jury.

---

[1] Minn. St. 546.16 provides: "While the jury are absent the court may adjourn from time to time, in respect to other business, but it shall be considered open, for all purposes connected with the cause submitted, until a verdict is rendered or the jury discharged. A final adjournment shall discharge the jury. Before the verdict is recorded either party may require the jury to be polled, whereupon the clerk shall ask each juror if it be his verdict. If any answer in the negative, the jury shall be sent out for further deliberation. If the verdict be defective in form or insufficient, it may be corrected under the advice of the court, or the jury may be again sent out."

"3.    That counsel waive the immediate recording and filing of the verdict, and authorize the same on the next business day.

"4.    That another judge of this court may take the verdict.

"5.    That instructions may be re-read in part in the absence of counsel with instructions to the effect that the re-reading of the portion is not to constitute emphasis and that they must consider such re-reading in the light of all the other instructions given.

"6.    Thirty days stay."

Counsel for plaintiffs refused to stipulate to Items 2 and 5 and the court thereupon advised him to remain available and be on call on 10 minutes' notice. The court further suggested to counsel that there be an agreement that if the jury did not reach its verdict by 5:30 p. m. they be permitted to separate under proper instructions to reconvene at 9:30 a. m. the following morning in order to continue their deliberations. Counsel for plaintiffs agreed that the jury might be allowed to separate if they did not reach a verdict by 8 p. m. It appears that the jury failed to reach a verdict before that time and were allowed to separate.

Counsel for plaintiffs left with the clerk the telephone number where he could be reached at his St. Paul office. According to the affidavit of the deputy sheriff assigned to duty as bailiff in the Hennepin County District Court, and who was charged with the responsibility for the jury during their deliberations, he was told by counsel for plaintiffs, "You don't have to call me. The clerk will call me in the morning when the verdict comes in. I don't have to be there. I'm going home." Plaintiffs' attorney denied making this statement.

The verdict was returned at 10:20 a. m. on the following morning, after which the clerk read the verdict to the jury and inquired as to whether it was their true verdict to which the jury replied affirmatively. The court thereupon requested the clerk to poll the jury, which was done. All 12 jurors polled affirmed their verdict and were thereupon discharged. None of the parties or their counsel were present during these proceedings.

It seems to be the contention of plaintiffs that prejudicial error resulted from the failure of the court to delay receiving the verdict of the jury until counsel had an opportunity to be present and have the jury polled in his presence. It is not contended that the jury was not properly polled

by the clerk as required by Minn. St. 546.16. It would seem that plaintiffs' assertion of error could have merit only if there was some duty on the part of the court to notify the attorneys despite the fact that both of them had voluntarily absented themselves from the courtroom prior to the conclusion of the trial. The authority of Smith v. Paul, 133 N. C. 66, 45 S. E. 348, upon which plaintiffs rely, may be distinguished. That case involved a refusal of the trial judge to poll the jury after one of the attorneys had specifically requested the court to do so. That is not the situation here. No question was raised in the Smith case as to the duty on the part of the trial court to notify counsel when the jury returned or before the jury was polled. The ruling in Smith is that either party to a civil action has a right to have the jury polled if he so requests. Since the jury was polled in this case, we do not find that decision to be of any aid to plaintiffs. It is well established by our authorities that it is incumbent upon counsel to see that they are present at all stages of the trial of a case, and no duty rests upon a court to call any lawyer or notify him to return to court for any reason. This is generally done—particularly where the court must give additional instructions—but it is clear that this is a matter of courtesy, not of right. The general rule, as expressed in 89 C. J. S., Trial, § 489, is:

"* * * It is no part of the judge's duty to send for counsel to be present at the return of the verdict. A request by counsel that the deputy clerk notify him when the verdict is to be received has been held to be a mere personal arrangement between them, and a failure of the deputy clerk to notify counsel not to affect the validity of the verdict."

The views thus expressed have been followed by this court in Hudson v. Minneapolis, L. & M. Ry. Co. 44 Minn. 52, 46 N. W. 314; Reilly v. Bader, 46 Minn. 212, 48 N. W. 909; and Strite Governor Pulley Co. v. Lyons, 129 Minn. 372, 152 N. W. 765.

Since under our authorities the trial court had no duty to notify counsel before taking the verdict or polling the jury, and because plaintiffs were in no way prejudiced, the trial court having been careful to preserve all of the rights afforded them under the law, the order of the trial court must be affirmed.

Affirmed.