## MARCELLA CRONQUIST AND ANOTHER v. CITY OF MINNEAPOLIS.

102 N. W. (2d) 512.

April 22, 1960—No. 37,808.

*Grathwol & Ploetz,* for appellants.

*Charles A. Sawyer,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order denying plaintiffs' motion for a new trial.

The action was brought to recover damages for personal injuries. The jury returned a verdict for defendant. The irregularity upon which plaintiffs base their right to a new trial is best stated in an affidavit of the foreman of the jury as follows:

"Edward H. Linn, being first duly sworn, deposes and says that he is a member of the jury which heard the evidence in the above entitled case from April 15th through 17th, 1958; that following the Court's

instructions the jury retired for deliberation at approximately 4:30 p. m. April 17th; that your affiant was elected foreman of said jury.

"That at approximately 7:30 p. m. that evening, while the jury was in the course of deliberations, the bailiff entered the jury room and inquired as to the prospects of the jury soon reaching a verdict so that he would be prepared, if necessary, to arrange hotel accommodations. The bailiff was told at that time that the jury had not reached their verdict. About fifteen minutes later the bailiff reentered and made the same inquiry and stated that Judge Nolan was on the telephone and wanted to know how the jury was progressing. At that time your affiant, the foreman of the jury, advised the bailiff that they wanted a definition of what would constitute contributory negligence. The bailiff thereupon left the room to report to the judge, who was waiting on the telephone.

"Subsequently the bailiff returned and advised your affiant, the foreman of the jury, that the trial judge was waiting on the telephone, that he wanted to talk to the foreman to give the requested definition over the telephone. Your affiant left the jury room in the company of the bailiff to a small room adjoining the jury room. The trial judge, the Honorable Mark Nolan, was on the telephone. Your affiant, the jury foreman, told the judge that he wanted contributory negligence defined and the judge, over the telephone, gave your affiant a definition of contributory negligence which your affiant wrote down. The only persons present in said room were your affiant and the man and lady bailiff. After completing the telephone conversation the bailiff took your affiant back to the jury room where your affiant relayed to the other jurors the definition of contributory negligence as stated by Judge Nolan and written down by your affiant.

"To the best of your affiant's knowledge, Judge Nolan did not at any time return to the Court House as your affiant did not see him.

"Subsequently, at about 8:30 p. m., the jury agreed on a verdict and were conducted to the Court room of the Honorable D. E. LaBelle and there returned the verdict.

"During the time your affiant was communicating with the Honorable Mark Nolan, trial judge, over the telephone, no other jurors

were present, neither counsel was present and to the best of your affiant's knowledge no Court Reporter was present to record the statement, statements or instructions of the judge."

Subsequently the foreman signed an additional affidavit in which he said:

"* * * affiant states that in connection with the request for further instructions as to contributory negligence referred to in said affidavit, affiant wrote down on a paper the following instruction given him over the telephone by Judge Mark Nolan, to-wit:

" 'If a person was negligent in any actual manner to the extent that it contributed to the accident, or if without such negligence the accident would not have happened, that is contributory negligence.'

"That affiant read back to Judge Nolan said instructions and then, upon being taken back to the jury room, said affiant read said instructions to the other jurors, and had the said writing available for inspection by the other jurors."

It is the contention of defendant that, inasmuch as the instruction purportedly given to the foreman of the jury by the trial judge over the telephone correctly states the law, no prejudice resulted and that we will not reverse in the absence of prejudice.

Under our rules of practice, and we think those universally followed, litigants are entitled to have affirmative instructions to the jury given in the courtroom with the court reporter present. While we do not abandon the rule of harmless error, many of the cases cited deal with negative instructions or irregularities from which prejudice could hardly have resulted. It would serve no useful purpose to attempt to reconcile our decisions or to extend this discussion. In the case of an irregularity of such magnitude as we have here, prejudice will be presumed.

Reversed and new trial granted.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.