Richard GERSDORF, et al., Appellants,

v.

R. D. WERNER CO., INC., Respondent,

**Pasqualie Strangis, Respondent.**

Pasqualie STRANGIS, Third-Party Plaintiff, Respondent,

v.

G. M. STEWART LUMBER COMPANY, INC., Third-Party Defendant, Respondent.

No. 81–160.

Supreme Court of Minnesota.

March 5, 1982.

Peterson, Engberg & Peterson and Thomas W. Wexler, Minneapolis, for appellants.

Mahoney, Dougherty & Mahoney, Kenneth Gleason and Thomas E. Dougherty, Minneapolis, for R. D. Werner Co., Inc. and G. M. Steward Lumber Company, Inc.

Rider, Bennett, Egan & Arundel, Richard H. Krochock and David J. Moskal, Minneapolis, for respondents.

YETKA, Justice.

This is an appeal from an order for judgment dated December 23, 1980, and an order dated January 23, 1981, denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial. Plaintiffs brought this action against Pasqualie Strangis and R. D. Werner Company for damages resulting from the use of an allegedly defective ladder. The case was submitted to the jury on special interrogatories. During deliberation, the jury submitted a question

to the trial judge concerning apportionment of fault. The trial judge allegedly reinstructed the jury on this issue by use of a written response without informing the litigants' counsel and without the presence of a court reporter.

We have stated that "litigants are entitled to have affirmative instructions to the jury given in the courtroom with the court reporter present." *Cronquist v. City of Minneapolis*, 258 Minn. 30, 32, 102 N.W.2d 512, 514 (1960). Because of the irregularity involved, the giving of secret instructions is presumed to be prejudicial. *Sabraski v. Northern States Power Co.*, 304 N.W.2d 635 (Minn.1981). We are not able to consider the alleged irregularity involved in this case, however, because of the manner in which it has been brought to this court's attention. Appellant learned of the secret instructions by use of affidavits taken from jurors without the benefit of a hearing as required by *Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960). *See Olberg v. Minneapolis Gas Co.*, 291 Minn. 334, 191 N.W.2d 418 (1971).

We have also held that where the trial judge is unequivocal in his recollection of the facts concerning prejudicial conduct, a *Schwartz* hearing is unnecessary. *See Zimmerman v. Witte Transportation Co.*, 259 N.W.2d 260 (Minn.1977). Here, the alleged prejudicial conduct is peculiarly within the knowledge of the trial judge. We therefore remand to the trial court on this issue. If the trial judge unequivocally recollects giving the alleged secret instruction, then a new trial must be granted. In the alternative, if the trial judge is unsure of the incident, then this is remanded with an order for the trial judge to conduct a *Schwartz* hearing.

Reversed and remanded.