George LUNDEBREK, Appellant,

v.

CHAMBERLAIN OIL COMPANY, defendant and third party plaintiff, Respondent,

v.

SERVICEMASTER OF WILLMAR, INC., third party defendant, Respondent.

No. CO-84-1397.

Court of Appeals of Minnesota.

Jan. 29, 1985.

Mark E. Tracy, Barnard, Hilleren & Spates, P.A., Benson, for appellant.

Robert S. Cragg, Cragg & Bailly, Minneapolis, for Chamberlain Oil Co.

Raymond R. Waechter, Gustafson, Waechter & Holbrook, Willmar, for ServiceMaster of Willmar, Inc.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This appeal is from a judgment in favor of the respondents and an order denying the appellant's motion for a new trial or a hearing on the issue of allegedly improper jury instructions. We reverse and remand for a new trial.

## FACTS

The appellant commenced this action in April 1982, claiming that respondent Chamberlain Oil Company had negligently caused an oil spill in his yard, which in turn had caused damage to his property and had aggravated a preexisting asthma condition. Chamberlain sued respondent ServiceMaster of Willmar, Inc. for contribution.

Trial began on April 17, 1984, and on April 19, 1984 the trial judge instructed the jury on the law of negligence and explained the special verdict form. After the jury had retired, the judge informed counsel that he would only remain at the courthouse for approximately half an hour, and that if the jury asked for instructions he would give the same instructions that he had already given "unless there is something unusual that comes up." The attorneys indicated that they would be leaving for home, but that they would leave telephone numbers where they could be reached. However, everyone agreed that the clerk could receive the verdict.

After the judge had left the courthouse the jury returned with a verdict which was received by the clerk. She telephoned the judge and advised him that the jury had answered the special verdict as follows:

1. Was Chamberlain Oil Company negligent in the delivery of the fuel oil and the cleanup operation?
Answer: Yes.
2. Was such negligence a direct cause of the damage to George Lundebrek?
Answer: No.
3. Was ServiceMaster of Willmar, Inc., negligent in the use and selection of the fumigant?
Answer: No.
4. Was such negligence a direct cause of the damage to George Lundebrek?
Answer: _____.
5. Was George Lundebrek negligent in the ordering of the fuel oil?
Answer: Yes.
6. Was such negligence a direct cause of the damage to George Lundebrek?
Answer: No.
7. Taking the combined fault which you have found to have contributed as a direct cause of the damage to George Lun-

debrek, what percentage thereof do you attribute to:

Chamberlain Oil Company: 55%
ServiceMaster of Willmar, Inc.: 0%
George Lundebrek: 45%

8. What sum of Money will fairly compensate George Lundebrek for his damages?

Answer: $3,000.

Because the answers to question 7 and questions 2 and 6 were inconsistent, the judge directed the clerk to re-read to the jury the instruction which preceded question 7. That instruction, which appeared on the special verdict form which the jurors had taken to the jury room, read:

If you find by the answers to the foregoing questions that the negligence of more than one of the parties, Chamberlain Oil Company, ServiceMaster of Willmar, Inc., or George Lundebrek, was a direct cause of damage to George Lundebrek, then answer this Question 7. If you do not find that the conduct of more than one of the parties contributed as a direct cause to the damage to George Lundebrek, do not answer Question 7.

There was no record made of the judge's telephone conversation with the clerk, nor of the clerk's communication to the jury. No one else was present when the clerk communicated with the jury—neither a court reporter nor any of the attorneys. The attorneys for the parties were not contacted and were not informed of the inconsistent verdict.

Following the clerk's communication with the jury, they retired again, and returned with a second verdict which eliminated the fault apportionment and reduced the plaintiff's damages from $3,000.00 to $1,650.00.

Counsel for the parties were advised that evening of the jury's second verdict, but were not informed of the previous inconsistent verdict until several days later, when post-trial motions were argued. Counsel for the appellant then brought a motion for a new trial, based upon the irregular and allegedly improper method of communicating instructions to the jury.

When the appellant's motion was denied, he appealed.

## ISSUE

Whether prejudicial and reversible error occurred when the trial court allowed the clerk to address the jury regarding instructions without the presence of a court reporter, without making any record, and without the knowledge or consent of counsel.

## ANALYSIS

The facts of this case are quite similar to those in *Kukowski v. Wm. Miller Scrap Iron and Metal Co.*, 353 N.W.2d 638 (Minn. Ct.App.1984). In *Kukowski*, after the trial judge had left the courthouse, the jury returned with an inconsistent verdict, finding that the defendant was negligent, that its negligence was not a direct cause of the accident, but that 35% of its negligence "contributed to" the plaintiff's injuries. The trial court in *Kukowski* gave additional instructions to the clerk over the telephone, and the clerk, in turn, communicated those instructions to the jury. Upon appeal of the verdict by the plaintiff, the defendant filed a notice of review, challenging the clerk's instructions to the jury. This court remanded for a new trial, determining that the clerk's communication with the jury had been improper. We first noted that an agreement by counsel that a clerk may receive the jury's verdict does not authorize the clerk also to take instructions from the judge over the telephone and communicate those instructions to the jury. *Id.* at 643. We then went on to distinguish the types of communications which a clerk may make with a jury. Allowable communications are those of a purely administrative nature, "such as housing, meal arrangements, emergencies, requests to speak with the court, and the return of the verdict." *Id.* On the other hand, established rules of court clearly provide that the *court* must instruct the jury. *See* Rule 51, Minn.R. Civ.P.

As we noted in *Kukowski*, where a judge is not personally present but directs his

clerk to issue further instructions, it is quite likely that the mere fact of the judge's absence may inhibit additional questions by the jury on important aspects of the case. *Kukowski,* 353 N.W.2d at 643. The court therefore should review the inconsistent verdict with counsel and reinstruct the jury personally. *Id.* at 644.

In *Kukowski,* the record indicated that the clerk made a mistake in reading the instructions to the jury. In the present situation it cannot be ascertained whether any mistakes were made or, indeed, whether the clerk in fact read the proper instruction to the jury, since there was no record made of the communication and counsel were not present. This procedural omission is at least as serious, if not more serious, than the clerk's mistake in *Kukowski,* which was found to be a "crucial error." *Id.* at 644. As noted in *Ramfjord v. Sullivan,* 301 Minn. 238, 222 N.W.2d 541 (1974), the Minnesota Supreme Court "has consistently held it is error to instruct a jury, or refuse to accept a jury's findings, and order them to retire for further deliberation in the absence of both counsel and a court reporter." *Id.* at 251, 222 N.W.2d at 549. The *Ramfjord* court concluded:

> We hold that under the comparative negligence law whenever a jury requests instructions or the court deems it necessary to send the jury out to correct any interrogatory or verdict for any reason, any action should be taken with a court reporter present and a record should be made of the entire proceedings. While it would be desirable to have opposing counsel present as well, we deem it unnecessary for counsel to be present if it is clear in the record that each of them has waived his right to be present and has authorized the court to reinstruct and to send a jury out once again after reporting to correct any interrogatory or mathematical error in a verdict. We do hold that it is necessary that a complete record be made of the proceedings.

*Id.* at 251–252, 222 N.W.2d at 549–550. *See also Cronquist v. City of Minneapolis,* 258 Minn. 30, 102 N.W.2d 512 (1960) and *Booth v. Spindler,* 261 Minn. 79, 110 N.W.2d 889 (1961). In *Spindler* the court stated:

> Whether or not the court's direction to resume deliberations is technically a charge to the jury, it is improper for the court to address the jury under such circumstances without the presence of a court reporter, and this is particularly true where counsel are not in the courtroom. The mischief lies in opening the door to a misconstruction and a faulty recollection of what the court actually said, leaving the record uncertain as to the scope of his remarks.

*Id.* at 87–88, 110 N.W.2d at 894. This mischief is compounded where the clerk, rather than the court, has directed the jury to resume deliberations, and where the clerk has also issued an instruction to the jury pursuant to the direction of the court.

Respondent Chamberlain Oil Co. argues that the trial court properly refused to grant a new trial because the appellant failed to demonstrate any prejudice as a result of the irregularity in the proceedings. It is the respondent's position that because in both special verdicts the jury found that the conduct of the respondent did not cause the appellant's damages, either way the plaintiff would recover nothing.

The trial court apparently agreed with the respondent's position that the appellant suffered no prejudice from the second verdict. Nonetheless, the jury's confusion concerning causation and comparative negligence is evident from their answers to the first special verdict form. Addressing a somewhat similar situation where absence of prejudice was raised as a defense when a judge gave an instruction to a jury foreman over the telephone, the court in *Cronquist* held:

> Under our rules of practice, and we think those universally followed, litigants are entitled to have affirmative instructions to the jury given in the courtroom with the court reporter present. While we do not abandon the rule of harmless error, many of the cases cited deal with

889

negative instructions or irregularities from which prejudice could hardly have resulted. It would serve no useful purpose to attempt to reconcile our decisions or to extend this discussion. In the case of an irregularity of such magnitude as we have here, *prejudice will be presumed.*

*Cronquist,* 258 Minn. at 32, 102 N.W.2d at 514 (emphasis supplied). *See also Sabraski v. Northern States Power Co.,* 304 N.W.2d 635, 637 (Minn.1981) (recognizing prior decisions which presume prejudice, and citing *Cronquist*).

We therefore find that prejudicial and reversible error occurred in this instance when the clerk was allowed to communicate with the jury regarding instructions without the presence of a court reporter or counsel. Accordingly, we reverse and remand for a new trial. However, we note that the irregularity in the proceedings below did not in any way affect the jury's consistent determination that respondent ServiceMaster of Willmar, Inc. was not negligent in its actions, and we therefore affirm the judgment with respect to respondent ServiceMaster of Willmar, Inc.

### DECISION

Consistent with the above reasoning, the judgment with respect to respondent ServiceMaster of Willmar, Inc. is affirmed, and the judgment with respect to respondent Chamberlain Oil Co. is reversed and remanded for a new trial.

Affirmed in part and reversed and remanded in part.