Stanley B. JOHNSON, Appellant,

v.

**ST. CHARLES MUNICIPAL LIQUOR STORE and the City of St. Charles, Respondent.**

No. C9–86–642.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Jeff D. Bagniefski, Ryan and Vanderheyden, Rochester, for appellant.

Bryan J. Baudler, Baudler, Baudler & Maus, Austin, for respondent.

Heard, considered and decided by HUSPENI, P.J., PARKER and RANDALL, JJ.

## OPINION

PARKER, Judge.

This appeal is from a judgment in favor of respondent on appellant's claim for personal injuries based on respondent's negligence in having served liquor to him when he was intoxicated, and from an order denying his motion for a new trial. We affirm.

## FACTS

Respondent St. Charles Municipal Liquor Store (liquor store) is owned and operated by respondent city of St. Charles, Minnesota. In 1972 a local St. Charles lumber company, acting as an independent contractor, remodeled the liquor store. Aside from the present action, there have been no reports of any injuries suffered as a result of the remodeling or any other defects in the premises since at least 1972.

Appellant, who was a frequent patron of the liquor store, consumed several alcoholic beverages on the premises throughout the late afternoon and evening of June 9, 1983. Although appellant was visibly intoxicated, respondent's bartender continued to serve him liquor. When appellant eventually attempted to leave the premises, he stumbled in the entryway and fell, suffering a crushed ball joint in his left hip.

On November 8, 1984, appellant brought this action against respondent for negligence. At trial appellant attempted, through the testimony of an expert witness, to introduce evidence of negligent design or construction by respondent. The trial court excluded this testimony on the basis of relevance, because appellant did not lay any foundation showing that respondent had constructed or designed the premises. The trial court likewise denied appellant's request to instruct the jury on the issue of negligent construction or design.

Appellant also attempted to introduce evidence showing that respondent's bartender had violated Minn.Stat. § 340.14 (1984), which prohibits the serving of alcohol to someone who is visibly intoxicated. The trial court excluded this evidence as well, because appellant would have lacked standing to sue under the corresponding Civil Damages Act, Minn.Stat. § 340.95 (1984).

After the jury retired to deliberate, they transmitted a handwritten note to the judge. This note apparently asked for a definition of the word "maintenance" in relation to the issue of negligent maintenance of the premises. Without notifying either counsel or making any entry on the

record, the judge instructed the jury that "maintenance" meant "upkeep." The jury eventually returned a verdict of no negligence by respondent.

Appellant moved for a new trial, claiming error based on the above evidentiary rulings, the denial of appellant's requested jury instructions and the judge's supplementary jury instructions. The trial court denied appellant's motion, and Johnson appeals.

### ISSUES

1. Did the trial court err in refusing to admit evidence of, and in refusing to instruct the jury as to negligent construction or design?

2. Did the trial court err in refusing to admit evidence of respondent's alleged statutory violation or of respondent's alleged negligence in serving liquor to an intoxicated person?

3. Did the trial court err in providing supplementary jury instructions without making any entry on the record or notifying either counsel?

### DISCUSSION

#### I

■ Appellant's expert witness was prepared to testify that the entryway in which appellant was injured was negligently constructed or designed. This testimony would have been based on the expert's personal knowledge of standard construction practices in 1972, when the premises were remodeled, and on his personal inspection of the premises in November 1984. The trial court held this evidence inadmissible due to irrelevance and lack of foundation.

The record is without evidentiary support for the proposition that respondent constructed or designed the entryway in question. Therefore, there was no basis to attribute negligent construction or design to respondent. Any negligence in the construction or design of the entryway was attributable only to the independent contracting company which completed the re-

modeling work. Since the contractor was not a party to this action, the trial court was correct in holding that any evidence of negligent construction or design was irrelevant and therefore inadmissible.

Appellant also asserts that the trial court erred in refusing to instruct the jury on the issue of negligent construction or design. In light of our determination that any evidence of negligent construction or design was irrelevant, such an instruction would have been inappropriate. Therefore, we find no error in the trial court's denial of the requested instructions.

#### II

■ The trial court refused to admit evidence of the bartender's alleged violation of Minn.Stat. § 340.14, prohibiting the furnishing of intoxicating liquor to any person who is obviously intoxicated. The corresponding Civil Damages Act, Minn.Stat. § 340.95, permits certain third persons injured as a result of a violation of § 340.14 to recover civil damages from the provider of the alcohol. Appellant alleges that the bartender's actions constituted a violation of § 340.14, raising a presumption of negligence per se. In *Robinson v. Lamott*, 289 N.W.2d 60 (Minn.1979), however, the Minnesota Supreme Court held that the Civil Damages Act could not provide a basis for the intoxicated person to sue the person who provided the alcohol. Since appellant would have lacked standing to recover under the statute, the trial court excluded evidence of the alleged statutory violation. In light of *Robinson,* we find no error in this ruling. We do not reach the issue of whether appellant could raise a cause of action under § 340.14 separate and apart from § 340.95. Appellant cites no authority in support of such a theory, and it was disclaimed at oral argument.

■ Appellant further contends the trial court erred in allowing respondent to assert appellant's voluntary intoxication as contributory negligence, while barring evidence that respondent's negligence contributed to appellant's intoxication. Appellant

claims the defense of contributory negligence "opened the door" to evidence of the bartender's negligence. Although appellant's theory appears to have merit, he is estopped from asserting it. Before trial, the trial court indicated that evidence of the bartender's alleged negligence would be admissible so long as appellant did not claim that such actions were statutory violations and, hence, illegal or negligent as a matter of law. Insofar as the record indicates, appellant did not attempt to introduce such evidence. Appellant can hardly claim at this time that he was prejudiced by the exclusion of evidence that he never attempted to introduce.

### III

■ Appellant argues that the trial judge committed reversible error by providing supplementary jury instructions without notifying counsel or making any entry on the record. Although we agree that these actions constituted error, we find the error to be harmless in this case.

The Minnesota Civil Trialbook sets forth sound guidelines for trial procedures. Section 34 provides:

> If the jury has a question regarding the case during deliberations, the trial judge shall instruct the foreperson to reduce it to writing and submit it to the bailiff. Upon receipt of such a written question, the trial judge shall review the propriety of an answer *with counsel,* unless waived, outside the hearing of the jurors in a *reported* conference. Such writing shall be made *a part of the record* and the answer given in open court, absent a stipulation to the contrary.

Section 34, Minnesota Civil Trialbook, published in the 1986 Minnesota Rules of Court at 443 (1986) (emphasis added). *See also* Minn.Stat. § 486.02 (1984).

The Minnesota Supreme Court has held that "[g]enerally, if the trial court gives new instructions to the jury without proper procedural safeguards, it is grounds for a new trial." *Cambern v. Sioux Tools, Inc.,* 323 N.W.2d 795, 797 (Minn.1982); *see also Ramfjord v. Sullivan,* 301 Minn. 238, 222

N.W.2d 541, 549 (1974) (trial judge erred by instructing jury to retire for further deliberations in absence of counsel and a court reporter); *Cronquist v. City of Minneapolis,* 258 Minn. 30, 102 N.W.2d 512, 514 (1960) (trial judge erred by giving supplementary instructions to jury over the telephone in absence of a court reporter). In addition, this court has recently held that "prejudicial and reversible error occurred * * * when the clerk was allowed to communicate with the jury regarding instructions without the presence of a court reporter or counsel." *Lundebrek v. Chamberlain Oil Co.,* 361 N.W.2d 885, 889 (Minn.Ct.App.1985).

■ Having determined that error occurred, we must decide whether such error was harmless. *See Booth v. Spindler,* 261 Minn. 79, 110 N.W.2d 889, 894–895 (1961). As the supreme court stated in *Cambern,* this is a difficult determination because, by definition, there is no record of what actually transpired. *Cambern,* 323 N.W.2d at 798.

Here, the trial court apparently instructed the jury that "maintenance," for the purpose of negligence, was defined as "upkeep." The Rule 59 motion raised the question of "irregularity in the proceedings of the court * * * *whereby the moving party was deprived of a fair trial.*" Minn. R.Civ.P. 59.01(1) (emphasis supplied). We feel that the "supplementary instruction" was consistent with the jury instructions and with the law. As in *Cambern,* "it is not apparent how the presence of counsel would have made a difference." *Cambern,* 323 N.W.2d at 798. Since the instruction was not a misstatement either of fact or law and since the presence of counsel would not appear to have made a difference, we cannot conclude that appellant was deprived of a fair trial. Therefore, while we reiterate that the court's action was error, we hold that the error was not prejudicial and that the trial court did not abuse its discretion in denying a new trial on this ground. *See id.* at 797.

## DECISION

The trial court properly excluded evidence of negligent construction or design and properly declined to instruct the jury thereon. The trial court properly excluded evidence of respondent's alleged violation of Minn.Stat. §§ 340.14 and 340.95. Although the trial court erred in providing supplementary jury instructions without notifying counsel or making an entry in the record, such error was harmless. Judgment for respondent and denial of appellant's motion for a new trial are affirmed.

Affirmed.