TORCHWOOD PROPERTIES, LLC, as a successor in interest to Anthony Magnotta and Lisa Magnotta, husband and wife, Appellant,

v.

Judith MCKINNON, Respondent.

No. A09–1993.

Court of Appeals of Minnesota.

July 13, 2010.

Daniel S. Schleck, Justin L. Seurer, Schleck & Associates, Minneapolis, MN, for appellant.

Steven R. Coon, Wagner, Falconer & Judd, Ltd., Minneapolis, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge; ROSS, Judge; and HARTEN, Judge.*

## OPINION

ROSS, Judge.

This appeal requires us to decide whether we can meaningfully review for prejudicial error a district court's denial of a party's midtrial motions for a continuance or a new trial after the party reacted to the denial by refusing to participate further in the trial. Trial counsel for a landowner suing its neighbor for negligent property maintenance discovered while cross-examining the neighbor that the neighbor had failed to produce handwritten notes requested during discovery. After the district court denied the plaintiff landowner's motions for a continuance or for a new trial to secure the notes, that landowner reacted by refusing to participate further in the trial, lost at trial, and now appeals. Reviewing the district court's challenged decision on appeal would require us to discern between the alleged prejudice from the decision and the apparent prejudice from the landowner's withdrawal from trial participation. Because a party who intentionally and unreasonably prejudices itself at trial obscures any theoretical prejudice caused by the district court's decision, that party is estopped from challenging the district court's decision for prejudicial error, and we affirm.

## FACTS

This appeal arises from a dispute between two landowners after one allegedly allowed her property to fall into disrepair and require demolition, negatively affecting the value of the other property. Appellant Torchwood Properties, LLC, and respondent Judith McKinnon own adjoining property in Albert Lea. Their buildings shared a common wall until the south wall of McKinnon's property collapsed and she authorized the city to raze the building. Torchwood sued McKinnon under multiple legal theories, seeking damages

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

resulting from the deterioration and destruction of her building.

The parties tried the case to the district court. McKinnon testified that she had written notes possibly related to her decision to authorize the city to raze her building. But she had not produced those notes during discovery. Torchwood immediately objected and moved for a continuance so that McKinnon could produce the notes. It also soon moved for a new trial. McKinnon, who arrived at court in a wheelchair and whom the district court described as fragile, urged that it would be impossible for her to quickly find the notes in her basement because her gas and electricity had been shut off and that, even with a few weeks' effort and help, it would be "very hard" to find them among the "piles and piles of stuff."

The district court agreed with Torchwood that McKinnon should have produced the notes, but it declined to delay or stop the trial to direct McKinnon to seek them. It concluded that McKinnon was too unhealthy to undertake the search quickly and that no amount of time would likely result in her finding them. The district court also indicated that court scheduling conflicts would prevent a new trial for four to seven months. It denied Torchwood's motion to continue and its later motion for a new trial.

Torchwood then rested its case. The district court found in McKinnon's favor on all claims. It also described Torchwood's abrupt decision to rest its case as reflecting Torchwood's disappointment or its strategy:

> It is possible that this evidence [supporting Torchwood's claims] would have come out during the trial if Plaintiff's attorney had finished presenting evidence. After what he considered an unsatisfactory evidentiary ruling, however, counsel for Plaintiff chose not to participate in the trial by not submitting any further evidence, cross-examining any witnesses, making a closing statement or submitting a trial memo. It is this Court's observation that this was counsel's strategy after the evidentiary ruling. . . .

During oral argument before this court, Torchwood's counsel answered our inquiry as to whether Torchwood ended its trial participation in response to the district court's adverse decision, "Sort of; not yes, not no." After the decision, Torchwood formalized its motion for a new trial with a memorandum to the district court arguing that it was deprived of a fair trial because McKinnon intentionally withheld evidence. The district court denied the motion. Torchwood appeals.

## ISSUE

Did the district court abuse its discretion by denying Torchwood's motions for a continuance or a new trial?

## ANALYSIS

■ Torchwood argues that the district court erroneously denied its motions for a continuance or for a new trial. We review district court rulings on continuance and new-trial motions for abuse of discretion. *Dunshee v. Douglas*, 255 N.W.2d 42, 45 (Minn.1977); *Border State Bank of Greenbush v. Bagley Livestock Exch., Inc.*, 690 N.W.2d 326, 334 (Minn.App.2004), *review denied* (Minn. Feb. 23, 2005). Torchwood cannot show abuse of discretion.

■ Torchwood argues that McKinnon's alleged intentional withholding of evidence merited a new trial under Minnesota Rule of Civil Procedure 59.01(a), (b), (c), or (d). Rule 59.01 provides grounds for a successful new-trial motion, including

(a) Irregularity in the proceedings of the court, referee, jury, or prevailing

party, or any order or abuse of discretion, whereby the moving party was deprived of a fair trial;

(b) Misconduct of the jury or prevailing party;

(c) Accident or surprise which could not have been prevented by ordinary prudence; [or]

(d) Material evidence newly discovered, which with reasonable diligence could not have been found and produced at the trial[.]

It is not enough that Torchwood's motion established the existence of one of these bases. Torchwood also had to establish to the district court that it was actually prejudiced by McKinnon's alleged misconduct, and, on appeal, it must establish that it was prejudiced by the district court's adverse ruling. This is because prejudice is "[t]he primary consideration in determining whether to grant a new trial," *Wild v. Rarig*, 302 Minn. 419, 433, 234 N.W.2d 775, 786 (1975), and because "[t]he refusal to grant a new trial will be reversed only if misconduct is so prejudicial that it would be unjust to allow the result to stand," *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn.App.2000) (quotation omitted). Similarly, when we evaluate the denial of a continuance motion, the critical question is again whether the denial prejudiced the outcome of the trial. *Jones v. Jones*, 402 N.W.2d 146, 149–50 (Minn.App.1987). Torchwood's decision to abandon the trial voluntarily when it lost its motions inflicted prejudice on itself. So even if we assume that the district court should have delayed the proceeding by granting either of the motions, Torchwood's self-inflicted prejudice prevents us from weighing whether the district court's rulings prejudiced the outcome of the trial.

■ An error is prejudicial if it "might reasonably have changed the result." *Behlke v. Conwed Corp.*, 474 N.W.2d 351, 354 (Minn.App.1991) (quoting *Poppenhagen v. Sornsin Constr. Co.*, 300 Minn. 73, 79–80, 220 N.W.2d 281, 285 (1974)), *review denied* (Minn. Oct. 11, 1991). The result that Torchwood seeks to undo on appeal is the district court's judgment against Torchwood based on Torchwood's failure to introduce sufficient evidence to establish any of its claims. The district court found that Torchwood offered no evidence to show (1) that McKinnon unlawfully entered Torchwood's property, (2) that conditions of the McKinnon property resulted in material damage to the Torchwood property, (3) that McKinnon's alleged negligence caused the damage to the Torchwood property, and (4) that McKinnon interfered with Torchwood's use or enjoyment of its property. So the question is whether the district court's decisions prevented Torchwood from obtaining McKinnon's handwritten notes and consequently from introducing the necessary evidence. We cannot answer that question.

■ As both a practical and procedural matter, Torchwood cannot successfully argue that it was prejudiced by the district court's action rather than by its own reaction. When an appellant is the party who procured the alleged trial error, the error "is neither prejudicial nor available to [the appellant] as a basis for obtaining a new trial." *In re Estate of Forsythe*, 221 Minn. 303, 312, 22 N.W.2d 19, 25 (1946). Similarly, we have held that an appellant is estopped from claiming on appeal "that he was prejudiced by the exclusion of evidence that he never attempted to introduce." *Johnson v. St. Charles Mun. Liquor Store*, 392 N.W.2d 909, 912 (Minn. App.1986). We have also explained that, "[o]n appeal, a party cannot complain about a district court's failure to rule in her favor when one of the reasons it did not do so is because that party failed to provide the district court with the evidence

that would allow the district court to fully address the question." *Eisenschenk v. Eisenschenk*, 668 N.W.2d 235, 243 (Minn. App.2003), *review denied* (Minn. Nov. 25, 2003). These principles logically extend to this appeal. They inform us that an appellant's own prejudicial trial actions render appellate review of the district court's decisions impractical or impossible. And they instruct that we limit our review if the appellant could have avoided or attempted to alleviate the district court's alleged prejudicial action, but did not do so.

We apply the principles of *Forsythe, Johnson*, and *Eisenschenk* to this case: We hold that when a party whose midtrial motions for a continuance or for a new trial are denied reacts by refusing to participate in the remainder of the trial such that its refusal prejudices its chance to prevail, that party is estopped on appeal from challenging the denial for prejudicial error. Entertaining the argument on the merits would be difficult or impossible because it would require us to parse an incomplete record to distinguish between the possible prejudice from the district court's decision and the actual prejudice from the appellant's choice to abandon the trial. And entertaining the argument would be improper because doing so would encourage manipulation if the purpose was to manufacture prejudice to challenge the district court's procedural ruling.

As a practical matter, Torchwood's trial conduct substantially impairs our ability to evaluate whether Torchwood lost the trial because of the district court's decision or because of Torchwood's reaction (or because Torchwood had insufficient supportive evidence to offer). And as a legal matter, Torchwood is estopped from making the argument. The district court discerned that Torchwood's decision to cease participating was a strategic response to what its counsel considered an "unsatisfactory evidentiary ruling." It found that Torchwood intentionally "chose not to participate in the trial by not submitting any further evidence, cross-examining any witnesses, making a closing statement or submitting a trial memo" in reaction to the district court's challenged ruling. The record and Torchwood's equivocal answer to our question at oral argument as to whether its abrupt withdrawal from trial was a reaction to the adverse ruling leave us with no basis to question the accuracy of the district court's finding. Self-inflicted prejudice is also apparent here; a party who fails to complete its submission of evidence or make a closing statement or file a summarizing memorandum puts itself at a rather obvious disadvantage in a trial, where evidence, cross-examination, and argument are a party's only resources.

Having walked off the playing field after an allegedly improper call, Torchwood forfeited the right to ask us to declare that the call caused its defeat. Torchwood is estopped from arguing that it was prejudiced by the district court's decision not to continue or restart the trial. And without showing prejudice, Torchwood cannot demonstrate that the district court should have delayed the trial or that we should deem the district court's failure to do so an abuse of discretion. We therefore do not reach McKinnon's various arguments that Torchwood has failed on the merits to prove prejudice.

## DECISION

Torchwood's decision to rest its case without presenting all of its evidence or arguing in support of its claims independently prejudiced Torchwood and therefore unnecessarily clouds our ability to review the ruling for prejudice. This voluntary infusion of prejudice against its own case estops Torchwood on appeal

from claiming that it suffered improper prejudice. Because Torchwood cannot assert prejudicial error, it cannot establish that the district court abused its discretion by denying its motions.

**Affirmed.**

HARTEN, Judge (concurring specially).

I concur in the result.