*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2040**

Robert Shane Belzer,
Appellant,

vs.

American Family Mutual Insurance Company,
Respondent.

**Filed September 8, 2015
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CV-13-5671

Michael A. Bryant, Bradshaw & Bryant, PLLC, Waite Park, Minnesota (for appellant)

Mark K. Hellie, Regional Legal Staff Counsel, Eden Prairie, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges the denial of his motion for a new trial. We affirm.

**FACTS**

Appellant Robert Shane Belzer commenced a lawsuit against his automobile insurance company, respondent American Family Mutual Insurance Company, to collect

underinsured motorist benefits for injuries that he allegedly sustained in an automobile accident. The lawsuit proceeded to a jury trial. During a break in the trial, Belzer's counsel observed one of the jurors speaking to an American Family insurance adjuster and brought this to the attention of the district court.[1] The court questioned the juror about the incident in chambers and in the presence of the parties' counsel. The juror explained that he had spoken to the insurance adjuster about the difficulty in opening the swinging gate separating the front of the courtroom from the gallery. The court determined that the incident was not prejudicial and took no further action, and Belzer's counsel did not ask for specific action.

The jury determined that approximately $7,600 would compensate Belzer fairly and adequately for past pain, disability, emotional distress, health care expenses, and diagnostic testing and that no sum was needed to compensate him for future pain, disability, emotional distress, or health care expenses. Based on the jury's verdict, the district court concluded that American Family was not liable to pay Belzer underinsured motorist benefits. Belzer moved for a new trial, arguing that the juror's contact with the insurance adjuster "put a cloud upon the whole trial" that "cannot be cured without a new trial or a removal of that juror." The court determined that the contact was harmless and denied the motion.

This appeal follows.

---

[1] The insurance adjuster sat at counsel table with American Family's counsel throughout the trial.

**D E C I S I O N**

A new trial may be granted for, among other things, "[i]rregularity in the proceedings of the court, referee, jury, or prevailing party . . . whereby the moving party was deprived of a fair trial" or "[m]isconduct of the jury or prevailing party." Minn. R. Civ. P. 59.01. "The decision to deny a motion for a new trial rests in the discretion of the district court, and [appellate courts] will reverse that decision only for a clear abuse of that discretion." *Frazier v. Burlington N. Santa Fe Corp.*, 811 N.W.2d 618, 629 (Minn. 2012).

"[P]rejudice is the primary consideration in determining whether to grant a new trial," and "the refusal to grant a new trial will be reversed only if misconduct is so prejudicial that it would be unjust to allow the result to stand." *Torchwood Props., LLC v. McKinnon*, 784 N.W.2d 416, 419 (Minn. App. 2010) (quotations omitted); *see also Leuba v. Bailey*, 251 Minn. 193, 207–08, 88 N.W.2d 73, 83 (1957) (stating that there is a "well-established rule that motions for a new trial should be granted cautiously and sparingly and only in the furtherance of substantial justice"). Whether juror misconduct was prejudicial is a question of fact, the resolution of which "rests primarily upon the trial court." *Briggs v. Chicago Great W. Ry. Co.*, 248 Minn. 418, 425, 80 N.W.2d 625, 632 (1957) (stating further that "a new trial should not be granted for such misconduct if the trial court is reasonably certain that no prejudice resulted"). The party moving for a new trial has the burden of demonstrating prejudice. *Cf. Pajunen v. Monson Trucking, Inc.*, 612 N.W.2d 173, 175 (Minn. App. 2000) ("At a Schwartz hearing, the movant bears the

3

burden of demonstrating actual misconduct and prejudice."), *review denied* (Minn. Aug. 15, 2000).

Here, the district court questioned the juror about his contact with the insurance adjuster and heard the juror's explanation of the conversation that occurred. The court found that the juror and the insurance adjuster had spoken briefly about the difficulty in opening the swinging gate separating the front of the courtroom from the gallery. The court determined that the discussion did not result in prejudice to either party and was harmless.

At oral argument, Belzer asked this court to establish a bright-line rule mandating a new trial whenever there is contact between a juror and a party. We decline to establish such a rule; caselaw requires a showing of prejudice. *See Lake George Park, L.L.C. v. IBM Mid-Am. Emps. Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998) (stating that this court is an error-correcting court and is without authority to change the law), *review denied* (Minn. June 17, 1998). We conclude that the district court did not abuse its discretion by determining that the contact between the juror and the insurance adjuster was not prejudicial and by denying Belzer's motion for a new trial.

**Affirmed.**