*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0596**

In re: Guardianship of Jill Lee Osufsen.

**Filed November 27, 2023
Affirmed
Smith, Tracy M., Judge**

Itasca County District Court
File No. 31-PR-22-2801

Daniel S. Kufus, Steinhagen, Crist, Wehrly & Kufus, PLLP, Minneapolis, Minnesota (for appellant Andrea Turk)

Kent E. Nyberg, Kent E. Nyberg Law Office, Ltd., Grand Rapids, Minnesota (for respondent Andrew Strugar)

Wallace John Licke, Licke Law Office, Grand Rapids, Minnesota (for respondent Jill Lee Osufsen)

Considered and decided by Bratvold, Presiding Judge; Reyes, Judge; and Smith, Tracy M., Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

Appellant Andrea Turk challenges the district court's appointment of respondent Andrew Strugar as guardian of her mother, respondent Jill Lee Osufsen. We affirm.

**FACTS**

Strugar is Osufsen's significant other. In November 2022, Strugar filed a verified petition for emergency guardianship of Osufsen, seeking to be appointed her guardian. In

his petition, Strugar stated that Osufsen's health-care provider had recommended a surrogate decision-maker for Osufsen due to her impairment from dementia, and he submitted a neuropsychological assessment of Osufsen from her health-care provider that documented that recommendation. Strugar also stated that Osufsen had previously granted him durable power of attorney for health care, and he submitted the document granting him that authority. The district court granted the petition and appointed Strugar as Osufsen's temporary emergency guardian. The order was set to expire 60 days from the date of appointment.

On January 5, 2023, Strugar filed a petition to be appointed permanent guardian of Osufsen. The district court scheduled a hearing on this petition for February 14. Strugar's attorney mailed notice of the hearing to Osufsen's two daughters, including Turk, on January 6. Five days later, Strugar applied for an extension of his appointment as emergency guardian because his original, 60-day appointment had expired. The district court granted a 60-day extension of the appointment on January 12.

That same day, Turk filed a verified petition for emergency appointment of guardian, seeking to be appointed Osufsen's emergency guardian. The district denied Turk's petition. In its order, the district court stated that Strugar was appointed emergency guardian. It also stated that a hearing was scheduled for February 14 to address Strugar's general guardianship petition and that "[t]he emergency guardianship filed by [Turk] will be addressed at the February 14, 2023 hearing."

A hearing was held by videoconference on February 14. Osufsen's counsel appeared, as did Strugar and his counsel. Osufsen's daughters also attended. After hearing

2

from Strugar's attorney and from Osufsen's attorney, who stated that Osufsen had no objection to Strugar's continued appointment, the district court asked if anyone present had objections. Turk and her sister both responded that they had objections. The district court asked Turk to explain her objections. Turk responded that she did not believe that Osufsen was safe with Strugar as guardian. She explained that her mother had suffered two bone fractures under the emergency guardianship and that the daughters did not feel that Strugar was capable or that her mother's home was safe. Strugar's attorney responded to Turk's argument.

The district court stated that it "always give[s] folks . . . time to chat with [the court] . . . so they have their day in court." It explained that, notwithstanding the absence of a written objection in the file, it wanted to "hear what people [had] to say." And, the district court explained, based on what was presented, it saw no reason to deny the petition. One of the daughters then requested a continuance to consult their attorney, which the district court denied. On March 1, the district court filed an order appointing Strugar as guardian of Osufsen.

Turk appeals.

**DECISION**

Turk argues that the district court abused its discretion by (1) not allowing her to be heard at the February 14 hearing, (2) not receiving evidence at the February 14 hearing, (3) adopting verbatim Strugar's proposed findings of fact, (4) appointing Strugar as

guardian, and (5) not granting Turk a continuance to consult counsel.[1] "The appointment of a guardian is uniquely within the discretion of the appointing court, and we will not interfere with the exercise of that discretion except in the case of a clear abuse of discretion." *In re Guardianship of Wells*, 733 N.W.2d 506, 510 (Minn. App. 2007) (quotation omitted), *rev. denied* (Minn. Sept. 18, 2007). We review a district court's factual findings for clear error, giving deference to the district court's credibility determinations. *Id.*

## I.      The district court did not deny Turk the opportunity to be heard during the February 14 hearing.

Turk first argues that the district court denied her the opportunity to be heard at the February 14 hearing.

Minnesota has adopted the Uniform Guardianship and Protective Proceedings Act (UGPPA), Minn. Stat. §§ 524.5-101 to -502 (2022). Under the UGPPA, at a hearing on a petition for guardianship, the petitioner and the respondent[2] "may present evidence and subpoena witnesses and documents; examine witnesses . . . ; and otherwise participate in the hearing." Minn. Stat. § 524.5-307(a). Relevant here, the statute also provides that "[a]ny person may request permission to participate in the proceeding" and the district

---

[1]As a threshold matter, Strugar argues that we should dismiss the appeal because Turk, by not petitioning the district court for Strugar's removal as guardian, has "not exhausted her lower court options." Strugar cites no authority that suggests that a person first must file a petition for removal of a guardian before appealing the order appointing that guardian, and we know of none. We therefore decide the merits of this appeal.

[2] In a guardianship proceeding, the "respondent" is the person "for whom the appointment of a guardian . . . is sought." Minn. Stat. § 524.5-102, subd. 15.

court "may grant the request, with or without hearing" and "may attach appropriate conditions to the participation." *Id.* (b). The word "may" is permissive. *See City of Circle Pines v. County of Anoka*, 977 N.W.2d 816, 823 (Minn. 2022) (citing Minn. Stat. § 645.44, subd. 15 (2020)). Thus, the district court has the discretion to decide whether to allow persons other than the petitioner and respondent to participate in the hearing and to determine any conditions on their participation.

At the February 14 hearing, the district court first heard from the petitioner's and the respondent's lawyers. It then asked if anyone present had objections to Strugar's appointment as guardian. When Turk said that she did, the district court allowed her to explain her objections. Strugar's attorney then responded to Turk's objections. Consistent with section 524.5-307(a) and (b), the district court permitted Turk to participate in the hearing and to be heard on her objections to Strugar's appointment. The district court did not offer Turk the opportunity to present evidence and witnesses, but the statute does not require that, and, we note, Turk did not ask to do so during the hearing. Thus, Turk is functionally arguing that the district court abused its discretion by not granting her relief she did not request.

Turk argues, though, that she was entitled to present evidence at the hearing because, in its order denying her earlier petition to be appointed emergency guardian, the district court stated that her petition for emergency guardianship would "be addressed" at the February 14 hearing. That order is admittedly confusing. It (1) denies Turk's petition for appointment as emergency guardian, (2) states that a hearing is scheduled for February 14 to address the general-guardianship petition filed by Strugar, and (3) states

5

that "[t]he emergency guardianship filed by Andrea Turk will be addressed" at the February 14 hearing. Because the district court denied Turk's emergency-guardianship petition, it is unclear what was meant by the statement that her petition would be "addressed" at the February 14 hearing. Nevertheless, the February 14 hearing addressed Strugar's general-guardianship petition, for which Turk was neither a petitioner nor a respondent, and reference was made at the hearing to the fact that Turk had filed an emergency-guardianship petition and that it had been denied. The district court had the discretion to decide whether and how Turk could participate in the hearing and acted within its discretion when it allowed Turk to orally object and explain her objections to Strugar's petition.

**II.     The district court did not abuse its discretion by relying on the petitions and exhibits for its findings of fact, conclusions of law, and order.**

Turk next challenges the district court's findings of fact, conclusions of law, and order, because the district court did not hear testimony or receive other evidence during the February hearing.

Again, under the UGPPA, at a guardianship hearing, the petitioner and the respondent "may" present evidence and examine witnesses. Minn. Stat. § 524.5-307(a). The petitioner and respondent thus can choose whether to present evidence or testimony at the guardianship hearing.

Neither Strugar nor Osufsen chose to examine witnesses or introduce evidence at the February hearing. Instead, they relied on the evidence submitted in the verified petitions for appointment of guardian, including the exhibits. It was within the district court's

6

discretion to make factual findings based on this evidence, without requiring Strugar or Osufsen—or another interested person such as Turk—to examine witnesses or introduce evidence at the February 14 hearing.

In support of her argument, Turk contrasts the proceedings here with the proceedings in a nonprecedential case in which we determined that a district court did not abuse its discretion by appointing a conservator after holding an evidentiary hearing on a contested petition. *See In re Guardianship of Neu*, No. A22-0578, 2022 WL 17574951 (Minn. App. Dec. 12, 2022). While the February 14 hearing differed from the evidentiary hearing in *Neu*, Turk cites no caselaw, and we are aware of none, in which a guardianship appointment has been reversed because the district court did not hear testimony or receive other evidence at a guardianship hearing when neither the petitioner nor the respondent asked to present it.

In sum, we discern no abuse of discretion in the district court's reliance on the contents of verified petitions and exhibits to make its factual findings, conclusions of law, and order when neither party sought to present further testimony or other evidence at the February 14 hearing.

### III. The district court did not abuse its discretion by adopting verbatim Strugar's proposed findings of fact.

Turk asserts that the district court abused its discretion by adopting verbatim Strugar's proposed findings of fact in the district court's order.

"Adoption of a party's proposed findings by a district court is generally an accepted practice. But if a court adopts a proposed order, it raises the question of whether the court

independently evaluated the evidence. A reviewing court examines the findings to determine whether they are clearly erroneous." *Schallinger v. Schallinger*, 699 N.W.2d 15, 23 (Minn. App. 2005) (citations omitted), *rev. denied* (Minn. Sept. 28, 2005). A finding is clearly erroneous if it is "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221 (Minn. 2021) (quotation omitted). "A district court's verbatim adoption of a party's proposed findings and conclusions of law is not reversible error per se." *Schallinger*, 699 N.W.2d at 23.

Under the UGPPA, a district court may appoint a guardian if it finds by clear and convincing evidence that "(1) the respondent is an incapacitated person; and (2) the respondent's identified needs cannot be met by less restrictive means." Minn. Stat. § 524.5-310(a). The Act defines "incapacitated person" as

> an individual who, for reasons other than being a minor, is impaired to the extent of lacking sufficient understanding or capacity to make personal decisions, and who is unable to meet personal needs for medical care, nutrition, clothing, shelter, or safety, even with appropriate technological and supported decision making assistance.

Minn. Stat. § 524.5-102, subd. 6.

Although the district court made the factual findings required by these statutes, Turk contends that the findings are not supported by the record because no testimony was taken and no other evidence was admitted at the February hearing. But, as discussed above, the district court relied on the information in the verified petitions and the exhibits—particularly, the physician's neuropsychological assessment of Osufsen—to make its

8

factual findings and was not required to hold an evidentiary hearing. The record therefore supports the district court's factual findings. Because Turk has not shown that the findings are clearly erroneous, we conclude that the district court did not abuse its discretion by adopting Strugar's proposed findings of fact verbatim.

**IV.    The district court did not abuse its discretion by appointing Strugar as Osufsen's guardian.**

Turk contends that the district court abused its discretion by appointing Strugar as guardian. She argues that Minnesota law places Strugar at a lower priority for appointment as guardian than Turk. "We review a district court's application of the law de novo." *Harlow v. State*, *Dep't of Hum. Servs.*, 883 N.W.2d 561, 568 (Minn. 2016).

Under the UGPPA, when deciding whom to appoint as guardian, the district court must consider qualified individuals in a specific order of priority. Minn. Stat. § 524.5-309(a). The categories relevant to this appeal, in order of highest priority to lowest, are "a health care agent appointed by the respondent in a health care directive that does not include limitations on the nomination of the health care agent as a guardian and is executed pursuant to chapter 145C," "an adult child of the respondent," and "an adult with whom the respondent has resided for more than six months before the filing of the petition." Minn. Stat. § 524.5-309(a)(2), (4), (6).

Turk argues that she has priority because she is the "adult child of [Ofusen]" and Strugar is only "an adult with whom [Osufsen] has resided for more than six months." Strugar counters that he has priority because he is "a health care agent appointed by [Osufsen]." The question of priority does not appear to have been raised to or decided by

9

the district court and is therefore not properly before this court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (noting that appellate courts generally address only those questions previously presented to and considered by the district court). Regardless of this defect, Turk has failed to establish error in the district court's appointment of Strugar. *See Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944) (stating that error is not presumed on appeal and the appellant has the burden of showing error on appeal). Accompanying the petition for emergency appointment of a guardian is a copy of a durable power of attorney for health care naming Strugar as Osufsen's attorney-in-fact for making health care decisions, dated January 9, 2019. Thus, Strugar was higher on the priority list than Turk because he was a health care agent for Osufsen before Strugar petitioned for guardianship.[3]

Moreover, even if Strugar were lower on the priority list, the district court has the discretion to appoint a lower-priority guardian. "The court, acting in the best interest of the respondent, may decline to appoint a person having priority and appoint a person having a lower priority or no priority." Minn. Stat. § 524.5-309(b). The district court found that Strugar "is the most suitable and best qualified among those available." Reasonable evidence in the record supports that determination, and we discern no abuse of discretion in the district court's appointment of Strugar as Osufsen's guardian.

---

[3] In her appellate brief, Turk states—without explanation—that the health-care power of attorney "doesn't appear to meet the requirements of Minn. Stat.§ 145C.03, subd. 1." Such a conclusory assertion is insufficient to assert or establish error. *See Minn. Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (stating that appellate courts do not reach issues that are inadequately briefed).

**V.	The district court did not abuse its discretion by denying Turk a continuance to consult counsel.**

Turk argues that the district court erred by not granting Turk and her sister a continuance. We review the denial of a continuance for an abuse of discretion. *Torchwood Props., LLC v. McKinnon*, 784 N.W.2d 416, 418 (Minn. App. 2010) (citing *Dunshee v. Douglas*, 255 N.W.2d 42, 45 (Minn. 1977)). Turk appeared for the February 14 hearing without counsel. Because she received notice of the hearing more than a month earlier, she had time to consult counsel and to arrange for her lawyer to attend the hearing. At the hearing, the district court allowed Turk to participate by explaining her objections to Strugar's appointment. Only after the district court stated that it would grant Strugar's petition did Turk request a continuance to consult her attorney. The district court acted within its discretion by denying the request.

**Affirmed.**